THOMAS B. WILLIAMS *et al.*

*v.*

A. J. WILLIAMS.

*Opinion filed June 17, 1899.*

1. STATUTE OF FRAUDS—*express trust is invalid unless manifested in writing.* A parol agreement between grantor and grantee, whereby the latter is to hold the land in trust for the grantor or re-convey to him upon a certain contingency, cannot be enforced as against a plea of the Statute of Frauds.

2. SAME—*mere refusal to re-convey is not such fraud as takes case out of statute.* The mere refusal of a grantee to re-convey to the grantor in violation of his parol agreement, is not such fraud as takes the case out of the Statute of Frauds and authorizes a court of equity to lend its aid in enforcing the trust.

3. EVIDENCE—*evidence must be clear to warrant holding a deed to be a mortgage.* The law presumes that a deed absolute in form is what it purports to be, and one claiming it to be a mortgage must overcome this presumption by proof which is clear and convincing.

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. W. G. COCHRANE, Judge, presiding.

This is a bill, filed by the plaintiffs in error against the defendant in error on January 24, 1898, in the circuit court of Piatt county to compel the defendant in error to re-convey an eighty-acre tract of land, described in the bill, to Sarah E. Williams, in accordance with an agreement alleged to have been entered into by the parties at the time of the conveyance; and for specific performance and an accounting. The defendant filed an answer, denying the material allegations of the bill. Upon hearing had, the circuit court dismissed the bill for want of equity. The present writ of error is sued out for the purpose of reviewing the decree of the court dismissing the bill.

The plaintiff in error, Thomas B. Williams, and defendant in error, A. J. Williams, are brothers. By warranty deed, dated November 11, 1878, the plaintiffs in error, Thomas B. Williams, and his wife, Sarah E. Williams, conveyed the eighty acres in question to A. J. Williams.

The eighty acres of land was purchased in 1868 with money belonging to the plaintiff in error, Sarah E. Williams, and inherited by her from her father's estate. The legal title, however, when the purchase was made, was conveyed to Thomas B. Williams. The plaintiffs in error executed a mortgage upon the property to secure $750.00, which mortgage became due in the fall of 1878. At that time, the plaintiffs in error took up the old mortgage for $750.00, and executed a new mortgage for $1000.00, which, as the testimony tends to show, was to fall due in about five years.

After the plaintiffs in error executed the deed to the defendant in error on November 11, 1878, conveying to the latter the premises in question for an expressed consideration of $1600.00, the plaintiffs in error remained in possession of the premises, which they had improved by building a house and barn, and fence, and smoke-house, and other necessary improvements, until the year 1880, when they left the possession and purchased, or removed to, another farm. After they so left the possession, the defendant in error took possession under his deed, and has remained in possession ever since, paying all the taxes upon the premises since the year 1882 or 1883. The proof shows that, since then, the defendant in error has paid off the mortgage upon the property and interest thereon, amounting to $1450.00.

M. R. DAVIDSON, for plaintiffs in error:

After once having accepted a trust, either expressly or by implication, one cannot avoid its duties or responsibilities. Perry on Trusts, sec. 268.

A trust, though not in writing, brought about by the advice, procurement or assistance of the trustee, will be enforced in a court of equity. *Lantry* v. *Lantry,* 51 Ill. 462; *Biggins* v. *Biggins,* 133 id. 211.

A party who acts in a confidential relation towards another cannot thereafter do any act for his own gain at

the expense of that relation. *Reed* v. *Peterson*, 91 Ill. 288; *Allen* v. *Jackson*, 122 id. 571; *Goldsmith* v. *Goldsmith*, 39 N. E. Rep. 1067; *Gruhn* v. *Richardson*, 128 Ill. 180; *King* v. *Remington*, 29 N. W. Rep. 352; Perry on Trusts, sec. 166.

The ninth section of the Statute of Frauds was not enacted to protect fraud, but to prevent it. *Insurance Co.* v. *White*, 106 Ill. 73; 8 Am. & Eng. Ency. of Law, 737.

On the trial of the cause the Statute of Limitations as a defense was not seriously insisted upon, but we will cite cases to show that the Statute of Limitations cannot be set up against the enforcement of a trust or to an action for its violation: *Albrecht* v. *Wolf*, 58 Ill. 126; *Walden* v. *Karr*, 88 id. 49; 27 Am. & Eng. Ency. of Law, 98.

S. R. REED, and A. C. EDIE, for defendant in error:

The case made by the bill of complaint is an express trust and clearly within the Statute of Frauds, and is utterly void. *Rogers* v. *Simmons*, 55 Ill. 76; *Lawson* v. *Lawson*, 117 id. 98; *Thomas* v. *Thomas*, 67 N. W. Rep. 182; *Peterson* v. *Boswell*, 36 N. E. Rep. 845; *Scott* v. *Harris*, 113 Ill. 447; *Stevenson* v. *Crapnell*, 114 id. 19.

A parol trust, brought about by the advice, procurement or assistance of the trustee, will not take the case out of the operation of the statute, unless the evidence shows that such advice, etc., amounted to fraud. *Lantry* v. *Lantry*, 51 Ill. 458; *Perry* v. *McHenry*, 13 id. 236; Hill on Trustees, (4th Am. ed.) 151; *Biggins* v. *Biggins*, 133 Ill. 211; *Fischbeck* v. *Gross*, 12 id. 208; *Walter* v. *Klock*, 55 id. 362.

The Statute of Frauds requiring express trusts to be manifested in writing was enacted for the benefit of those claiming title under deeds absolute on their face. *Allen* v. *Woodruff*, 96 Ill. 24.

In the class of cases in which a trust can be established by parol the proof must be strong and free from doubt, especially where it is against the answer. Hill on Trustees, (4th Am. ed.) 167, and cases in note; *Lantry* v. *Lantry*, 51 Ill. 458; *Shovers* v. *Warrick*, 152 id. 355.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The bill in this case is filed for the purpose of enforcing an alleged parol trust. It alleges, that the plaintiffs in error conveyed the property to the defendant in error upon a parol promise by the latter, that he would re-convey the property to the plaintiff in error, Sarah E. Williams, when he should have paid off the encumbrance thereon. The creation of the trust, alleged to have been declared, is not manifested by any writing. The trust, thus resting entirely in parol, is not a constructive trust, arising by implication or by operation of law, but is an express trust. (*Rogers* v. *Simmons*, 55 Ill. 76). It is, therefore, void under the Statute of Frauds, which is set up and pleaded in the answer in this case.

The Statute of Frauds provides, that "all declarations or creations of trusts or confidences of any lands, tenements or hereditaments, shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing; or else they shall be utterly void and of no effect: *Provided*, that resulting trust or trusts created by construction, implication or operation of law, need not be in writing, and the same may be proved by parol." (2 Starr & Curt. Stat.—2d ed.—p. 2021; Rev. Stat. chap. 59, sec. 9).

A party, who conveys land by a deed absolute in form, cannot show by parol evidence, that the conveyance was in fact in trust for certain purposes, or for his benefit, when the Statute of Frauds is interposed. (*Lawson* v. *Lawson*, 117 Ill. 98). An express trust between the grantor and grantee of land, where the grantee is to hold the land in trust for the grantor, or is to re-convey to him on a certain contingency, is invalid under the Statute of Frauds, unless evidenced by some writing signed by the grantee. (*Stevenson* v. *Crapnell*, 114 Ill. 19; *Biggins* v. *Biggins*, 133 id. 211).

Where the party, to whom such a deed absolute is made, obtains the execution and delivery thereof to himself by fraud and imposition upon the grantors on a parol promise to hold the land in trust for them, chancery will, in such case, lend its aid to enforce the trust. (*Lantry* v. *Lantry*, 51 Ill. 458; *Biggins* v. *Biggins, supra; Gruhn* v. *Richardson*, 128 Ill. 178). In the case at bar, however, we discover no evidence of any fraud practiced by the defendant in error upon the plaintiffs in error, in order to induce them to make the deed to him. On the contrary, it appears that the plaintiff in error, Thomas B. Williams, had some conversation with the defendant in error with reference to making a deed to the latter, but the defendant in error declined to accept the same without first consulting the plaintiff in error, Sarah E. Williams.

Again, the evidence is not altogether clear that any parol promise to re-convey the land to Mrs. Williams was made by the defendant in error. If any such promise had been made, a refusal to comply with it would not constitute such a fraud as to take the case out of the statute. As was said in *Perry* v. *McHenry*, 13 Ill. 227 (on p. 236): "If the refusal to comply with a parol agreement constitutes such a fraud as to take a case out of the statute, then no case is within it; for a party has only to allege that a person, contracting by parol, fraudulently refuses to comply with the terms of his parol agreement, which he must do in every case, or there would be no necessity for resorting to a court of equity to enforce it, and a case is made to which the statute does not apply." In *Lantry* v *Lantry, supra*, it was held: "That, in order to create the trust, there must have been some fraud, active or passive, in procuring the deed or devise—the mere breach of a promise to convey is not sufficient."

The defendant in error swears, that he bought the property from the plaintiffs in error at the price of $32.50 per acre, or $2600.00 for the eighty acres; that, at the time of the purchase, his brother owed him $750.00; that

he paid off the mortgage and interest thereon, amounting to $1450.00; and that he discharged his brother's liability upon a note, which the latter had given to one Woger-man, the amount so paid to discharge said liability being enough to make up the balance of the $2600.00. This testimony on the part of the defendant in error is contradicted by the plaintiff in error, Thomas B. Williams, who swears that he owed his brother nothing. Mrs. Williams, who testified, appears to have had very little knowledge upon the subject of her husband's indebtedness to his brother. The testimony of the other witnesses throws but little light upon the subject. The two brothers contradict each other; and as the trial judge saw the parties and heard their testimony, we are not disposed to disturb his finding. Thomas B. Williams swears that, after the execution of the deed to his brother on November 11, 1878, and, during the four years while he remained in possession of the premises, he paid no rent to the defendant in error. But the defendant in error swears that Thomas paid him, during those four years, rent at the rate of $200.00 per year. Certain it is, that the plaintiffs in error abandoned the possession of the property in 1882, and turned it over to the defendant in error, who thereafter continued in possession, and paid all the taxes up to the time of the filing of this bill. In this conflict of the testimony we are not prepared to hold that the decree of the trial court is not correct.

The prayer of the bill is in the alternative. It prays either for a re-conveyance of the property to Mrs. Williams, or, if the court should deem the deed to be a mortgage, that the plaintiffs in error be allowed "to redeem from the same by rents and profits." While, however, the bill prays for a redemption as from a mortgage, it is not framed upon the theory, that the deed absolute is a mortgage, nor does the proof sustain any such theory. The bill alleges, that the conveyance was made to the defendant in error upon his parol promise that he would

re-convey the property to Mrs. Williams, when he should have discharged the mortgage thereupon. Thomas B. Williams swears that no indebtedness existed from him to his brother; and, if this was true, then the deed could not have been a mortgage to secure an indebtedness.

It is true, that a deed, which is absolute on its face, may be shown by parol to be a mortgage. But the law will presume, in the absence of proof to the contrary, that such a deed is what it purports to be—an absolute conveyance. He, who claims such a conveyance to be a mortgage, must sustain his claim by proof which is sufficient to overcome such presumption of the law, and by proof which is clear, satisfactory and convincing. (*Helm* v. *Boyd*, 124 Ill. 370). In view of the contradiction, which exists among the witnesses in this case, it cannot be said that there is any clear, satisfactory and convincing proof as to the execution of the deed for the purpose of securing any indebtedness. Whether a deed absolute is a mortgage or not is a question, which depends upon the intention of the parties to be ascertained from all the circumstances of the case. It must be made to appear clearly, that such a conveyance was intended to be a mortgage at the time of its execution. (*Burgett* v. *Osborne*, 172 Ill. 227, and cases there cited). We find no evidence in the record sustaining the theory that the parties intended the conveyance in this case to be a mortgage.

Whatever hardship may result from the enforcement of the provision of the Statute of Frauds, that an express parol trust is void, the rule is too well settled, and too firmly founded in wise public policy, to be frittered away by the courts. Parties must take the trouble, in case they desire to establish such a trust, to embody it in writing as the statute requires.

The decree of the court below, dismissing the bill, is affirmed.

*Decree affirmed.*