(No. 11749.—Decree affirmed.)

MAARTEN SLINGER, Appellee, *vs.* JOSEPH G. STERRETT *et al.* (MATTIE PEARCE, Appellant.)

*Opinion filed February 20, 1918.*

1. NOTICE—*possession of land is ordinarily notice of rights of possessor.* Where a writ of attachment in aid of a suit against the record owner is levied on property in possession of others, the possession is ordinarily notice of the rights of the possessors and of every fact that can be learned by inquiry on the premises as to the nature of such rights.

2. ESTOPPEL—*when the party in possession is estopped to assert ownership.* One who has continuously represented herself to be the agent of the holder of the record title to a lot and who is in possession of the lot when a writ of attachment in aid of a suit against such holder is levied, is estopped, after the suit has proceeded to judgment, execution sale and deed and a partition suit has been begun, to disclaim her previous representations and assert her ownership of the lot under an unrecorded deed.

3. APPEALS AND ERRORS—*ruling not covered by assignments of error cannot be reviewed.* Alleged error in refusing to re-refer the case to the master in chancery to hear additional testimony cannot be reviewed on appeal where the point is not covered by the assignments of error.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

WILLIAM A. JENNINGS, for appellant.

CHARLES F. VOGEL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On July 20, 1911, the appellee, Maarten Slinger, entered into a contract with Jane E. Benn, which was executed by the appellant, Mattie Pearce, under a power of attorney from Jane E. Benn, to erect a residence on a lot in Oak Park, in Cook county, and in the contract the appellee guaranteed that there should be no liens against the property. The building was completed in December, 1911, about Christmas, and has ever since been occupied by the appellant with her family. The appellee filed a bill in the superior court of Cook county for a mechanic's lien to the amount of $1071.30 due on the contract, making Jane E. Benn and appellant and her husband, William H. Pearce, defendants. The defendants demurred to the bill on the ground that there were to be no liens, and the demurrer was sustained and the bill dismissed for want of equity. The appellee then began a suit in assumpsit in the circuit court on April 30, 1913, against Jane E. Benn, who was a non-resident, and sued out a writ of attachment in aid, which was levied on the premises on that day. On March 4, 1915, judgment was rendered in the suit and a general and special execution was issued, which was levied on March 20, 1915, on all the right, title and interest of Jane E. Benn in the premises. The lot was sold to the appellee under the execution for $1323.26. On January 5, 1914, Frank V. Gilbert filed a bill for a mechanic's lien on the same lot, and a decree was entered on May 3, 1915, for $238.75. On June 11, 1915, the lot was sold on that decree and appellee redeemed it from that sale on June 9, 1916. On July 24, 1916, the sheriff executed a deed to appellee conveying the premises, and the deed was filed for record on August 1, 1916. The appellee conveyed an undivided one-half interest in the lot to Joseph G. Sterrett and filed

in the circuit court his bill for partition, making Sterrett
and appellant defendants. By her answer appellant claimed
to be the owner of the lot and denied that appellee or Ster-
rett had any right, title or interest therein. The cause was
referred to a master in chancery, who took the evidence
and reported that the lot belonged to Jane E. Benn at the
time of the levy of the attachment writ; that appellee and
Sterrett were the owners each of an undivided one-half and
that appellant had no right, title or interest in the lot. He
recommended a decree for partition, and the court, upon
hearing exceptions to the report, overruled them and en-
tered a decree accordingly.

At the time of the levy of the writ of attachment the
appellant was in possession of the premises with her fam-
ily and her possession was notice of her rights and of every
fact that would have been learned by inquiry on the prem-
ises as to the nature of such right. (*Coari* v. *Olsen,* 91
Ill. 273; *Merchants' and Farmers' State Bank* v. *Dawdy,*
230 id. 199; *Thomas* v. *Burnett,* 128 id. 37; *Mathias* v.
*Fulton,* 241 id. 598; Wade on the Law of Notice, sec. 273.)
If the appellant was the owner of the premises and had
done nothing inconsistent with her ownership which would
estop her from claiming title, her possession would prevent
the appellee from acquiring an adverse title by the levy of
the writ of attachment. The facts were, that on January
21, 1896, the appellant and her husband conveyed the lot,
which was then unimproved, to her mother, Jane E. Benn,
and on February 4, 1896, Jane E. Benn executed a deed
of the lot to the appellant, which was not recorded until
April 2, 1915, two years after the levy of the attachment
writ. The appellant's claim of ownership was under the
unrecorded deed. The appellee examined the records be-
fore entering into the contract and found the record title
to be in Jane E. Benn by a deed from the appellant. The
contract for the erection of the building referred to Jane
E. Benn as the owner and the contract was executed by

the appellant in the name of Jane E. Benn and was signed,
"Jane E. Benn, by Mattie Pearce," the appellant stating at
the time that she had a power of attorney from her mother,
Jane E. Benn, to execute the contract. The appellee tes-
tified that the appellant told him before the contract was
made that her mother owned the lot, and when the contract
was signed the appellant said they did not own the property
but her mother owned it and had given her the power of
attorney. William H. Pearce, husband of the appellant,
acted as her agent and superintendent of the erection of
the building, and, acting as such agent, he wrote the ap-
pellee on December 27, 1911, a letter in reference to the
lock on the front door and signed the letter as superintend-
ent for Jane E. Benn. Again, on January 23, 1912, Pearce
wrote another letter to appellee referring to the residence
of Jane E. Benn on the lot and himself as superintendent
for her and signed the letter as superintendent for Jane
E. Benn. On February 26, 1912, Pearce wrote another
letter to the appellee about the building and signed it as
superintendent for Jane E. Benn. · On March 19, 1912, he
wrote a similar letter referring to the family as occupants
of the premises. All special assessments and taxes on the
property were paid in the name of Jane E. Benn by the
appellant. The appellant gave her husband charge of the
defendants' interests in the various suits and authorized him
to employ attorneys and she was a witness in the attach-
ment suit, but in all the litigation, although she had dif-
ferent attorneys, she never informed either of them, nor
anyone else, that she was the owner of the premises, and
she did not interplead in the attachment suit, as she had a
right to do if she was the owner. To overcome all this
evidence of acts inconsistent with ownership of the prem-
ises, the appellant and her husband testified that when the
contract was signed the appellee was told that the appellant
owned the lot and that the house was being built upon it
for her by Jane E. Benn; that appellant had a deed from

Jane E. Benn for the lot, and it was kept in the book-case drawer in her home, and her husband offered to show it to the appellee but the appellee said it was not necessary. The appellant and her husband were corroborated to some extent by testimony of their son and daughter, and the husband testified to different conversations before the house was built and repeatedly after it was completed, in which he said that he told the appellee that he was acting as superintendent for Jane E. Benn but the property belonged to his wife. The appellee denied that he was informed by the appellant and her husband or anyone else, at any time or place, that the appellant owned the lot or had any interest in it. The determination of the question of fact depended to some extent upon the credibility of the witnesses, but there was so much written evidence conclusively showing that the appellant represented the property as the property of her mother, Jane E. Benn, that we conclude the court was right in its finding on the question of fact. It necessarily follows that the appellant, by her representations and permitting the property to be attached and sold as the property of Jane E. Benn, was estopped from asserting any claim of ownership.

Complaint is made that the court refused to re-refer the case to the master in chancery for the purpose of introducing evidence of the testimony given by William H. Pearce, on cross-examination, in the attachment suit, to the effect that he agreed with Jane E. Benn to build the house and put in it $2000 which he owed Jane E. Benn and $4000 of his own money and it was to be the property of his wife. There is no assignment of error on the refusal of the court to again refer the case and the complaint cannot be considered.

The decree is affirmed.

*Decree affirmed.*