(No. 14530.—Decree affirmed.)

JOSEPH P. KIMMEL, Appellant, *vs.* E. S. BUNDY, Appellee.

*Opinion filed April 19, 1922.*

1. DEEDS—*agreement to re-convey to grantor does not necessarily render deed a mortgage.* To make a deed absolute in form a mortgage the evidence must show that the conveyance was made as security for a debt or discharge of an obligation, and where premises are conveyed in satisfaction of a mortgage debt so that no recovery can be had on the original debt the transaction must be regarded as an absolute sale, notwithstanding the grantee may execute a contract for re-sale to the grantor within a given time.

2. SAME—*claim that a deed absolute in form was a mortgage must be clearly established.* One claiming a deed absolute in form is a mortgage must establish his contention by convincing proof.

APPEAL from the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding.

W. F. SPILLER, (G. A. HICKMAN, of counsel,) for appellant.

W. P. SEEBER, and W. H. HART, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant filed his bill to declare a deed made by him in December, 1911, conveying certain land to appellee, a mortgage and that he be permitted to redeem. Appellee answered, denying the deed was a mortgage or that it was made to secure an indebtedness to him and claiming it was a purchase and that he paid full consideration. On a hearing the chancellor dismissed the bill for want of equity, and this appeal is prosecuted from that decree.

Prior to the time the deed was made appellant had mortgaged the land to the Prudential Insurance Company to secure a note for $1050. At appellant's request appellee paid that note, and appellant gave him his note for the amount paid and a mortgage on the land to secure it. He had also borrowed money in smaller sums from appellee, some of which loans were secured by mortgage and some were not. Being in need of more money, on December 8, 1911, he and appellee figured up the amount due appellee on that date, and appellant needed $500, or a little more, for his immediate use, which appellee said he would let him have. They figured up the total amount of appellant's indebtedness to appellee, including the additional $500, as $2376.70. Appellant testified he wanted to make a mortgage for it, but appellee did not want a mortgage but wanted a deed, and appellant made him a deed for the express consideration of $2376.70. Appellee testified he had all the mortgage on the land he was willing to carry, and told appellant that if he let him have an additional $500 he wanted the land, and it would then cost him more than it was worth; that appellant agreed to convey the land if appellee would give him a contract to sell it back to him, which he did. Appellant alleged in his bill and testified at the hearing that usurious interest and commissions were figured in to make the amount of the consideration, but that is not sustained by the weight of the proof, nor even by

appellant's own testimony. At the time the deed was made by appellant, appellee gave him a written agreement, signed by both parties, that the appellant had the right for twelve months to buy from appellee the land for $2376.70. Appellant did not purchase the land, and December 7, 1912, the parties entered into another agreement by which appellant was to have another year to buy the land for $2650. He did not do so, and November 28, 1913, they entered into another agreement by which appellant was given another year to buy the land for $2925. Failing to make the purchase, November 9, 1914, they made another agreement by which appellant was to have until November 28, 1915, to buy the land for $3225. Appellant had possession of the eighty acres of land until the last option expired and paid no rent. He agreed to pay the taxes but never paid them for any year. Appellee took possession of the land when appellant's possession ceased and has retained it ever since. The bill in this case was filed in 1919. The testimony of the parties to the suit is directly conflicting as to the purpose for which the deed was made. Appellant claimed it was made to secure the money he owed appellee, while appellee testified that the money appellant owed him, including the $500 given appellant at the time the deed was made, was as much, or more, than the land was worth, and that the total indebtedness was the consideration paid for the land, which was an outright purchase; that thereafter the appellee owed him nothing, and that there never was any agreement that the deed was made to secure any indebtedness.

That a conveyance of land made for the purpose of securing a debt will be treated as a mortgage is settled law, but to make a deed absolute in form a mortgage the evidence must show that the conveyance was made as security for a debt or discharge of an obligation, and an agreement to re-convey does not render the deed a mortgage. (*Caraway* v. *Sly,* 222 Ill. 203.) Where premises are conveyed

in satisfaction of a mortgage debt so that no recovery can be had on the original debt, the transaction must be regarded as an absolute sale notwithstanding the grantee may execute a contract for re-sale to the grantor within a given time. (*Rue* v. *Dole,* 107 Ill. 275.) One claiming a deed absolute in form is a mortgage must establish it by clear and convincing proof. *Williams* v. *Williams,* 180 Ill. 361; *Rankin* v. *Rankin,* 216 id. 132.

It is contended that appellee retained possession of the notes and mortgage of appellant which he held when the deed was made, and that circumstance shows the debt was not satisfied by the conveyance. The notes and mortgage were not delivered to appellant when he made the deed. He testified appellee promised to send them by mail but did not do so, and appears never to have made any demand or request for them. It is difficult to understand why appellee promised to send them to him if they represented an existing indebtedness. In addition to that, appellee testified positively they were paid by the conveyance, and so far as the evidence shows their payment was never afterwards mentioned by either of the parties. The proof shows the consideration paid was the full value of the land at the time. Appellant had possession of the land under the contracts with appellee four years, during which time he never paid any taxes although he agreed to. The land was not of much rental value and he never agreed to pay any rent. He appears to have voluntarily given up possession of the land and after doing so waited some three and a half years before bringing suit. It does not appear from the evidence that he made claim that the deed was a mortgage until he brought the suit. It is certain appellant's evidence did not make a case which entitled him to the relief claimed or any part of it.

The decree is affirmed.                    *Decree affirmed.*