The Millikin Trust Company et al. (Everett B. Pen-
hallegon, Appellant), Plaintiffs, v. Nora A. Greg-
ory et al., Appellants.  William A. Parrish, Ap-
pellee.

Gen. No. 9,054.

Opinion filed October 15, 1937.

FANNIE A. BIVANS, of Decatur, for appellant Everett B. Penhallegon.

S. S. CLAPPER, of Moweaqua, for appellants Nora A. Gregory et al.

E. S. PARKS, of Decatur, Guardian Ad Litem for Minor Defendant Appellants.

SAM W. GILBERT, of Decatur, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.
The Millikin Trust Co., trustee, and Mary J. Penhallegon filed a complaint in the circuit court of Macon county to foreclose a trust deed, making Nora A. Gregory, executrix of the last will and testament of James M. Lyon, deceased, and others defendants. The cause

was referred to the master in chancery, who took the testimony and reported the same to the court, together with his findings. The court, upon a hearing of the exceptions of the plaintiffs to the findings of the master, overruled the exceptions and entered a decree in favor of the plaintiffs as to certain lots conveyed by said trust deed but found as to one of the lots that the title was in the defendant, William A. Parrish. This is an appeal by plaintiffs and certain of the defendants from the decree of the circuit court. The only question involved is as to the action of the court in finding and decreeing that the defendant, William A. Parrish, is the owner in fee simple of Lot 18, free of any lien of said trust deed, said Lot 18 having been conveyed by the trust deed to the Millikin Trust Co., trustee.

The complaint alleges that on January 2, 1932, James M. Lyon was indebted to the Millikin Trust Co. in the sum of $1,500, evidenced by a note payable to bearer, with interest coupons attached; that, subsequent to the execution of said note and interest coupons, the same were transferred and assigned to Mary J. Penhallegon, and that she was the legal owner and holder thereof; that, to secure the payment thereof, said James M. Lyon on January 2, 1932, conveyed to said trust company, as trustee, Lots 8, 9, 10 and 18 of Heminger Heights, an addition of outlots to the City of Decatur, which trust deed was duly acknowledged and recorded on the 29th day of January, 1932; that on February 26, 1932, James M. Lyon departed this life testate, leaving certain heirs at law, named in the complaint; and on April 1, 1932, letters testamentary were granted by the county court of Macon county to Nora A. Gregory, the complaint making the executrix and the heirs at law of said James M. Lyons, William A. Parrish, and others, defendants.

It is alleged in the complaint that said defendant, William A. Parrish, claimed some interest in Lot 18, and that plaintiffs are informed that such claim is based upon a loan for $100 secured by deed but that such interest, if any, has been made known since and is subject to the lien of plaintiffs by virtue of said trust deed.

William A. Parrish, by his amended answer, alleged that on January 2, 1932, when said Lot 18 was conveyed to the trust company, he was the owner of said lot by conveyance by warranty deed from James M. Lyon, dated August 18, 1931, and that he took actual, open and visible possession of said lot in September, 1931, and that said James M. Lyon had no interest in said lot, and denies that his interest in said lot is based upon a loan of $100, secured by a deed. His counterclaim contains the same allegations. A copy of his deed, attached to this counterclaim, contains a certificate of the recorder of deeds, showing that it was filed for record on February 18, 1932. By an amendment to his amended answer and counterclaim he alleges that, before the recording of the Millikin Trust Co. deed, he informed and advised said trust company that he owned and had a deed to said Lot 18. The death of Mary J. Penhallegon was suggested and, on motion, Everett B. Penhallegon, executor, was made party plaintiff.

It appearing from the record that William A. Parrish claims title to this Lot 18 through the mortgagor, James M. Lyon, and that he was a proper and necessary party to the foreclosure suit, and, because of that fact, the circuit court of Macon county had jurisdiction to pass upon his rights and settle the same by a decree. *Prudential Ins. Co. of America v. Hoge,* 359 Ill. 36, 193 N. E. 660.

The contention of appellants is that the mortgage in question was taken without any notice that appellee,

Parrish, claimed or had any interest in this Lot 18, and that the records in the recorder's office failed to disclose any deed from the mortgagor, James M. Lyon, to William A. Parrish; and that although the deed may have been executed and delivered to Parrish on August 18, 1931, the same was not filed for record until February 18, 1932, and that appellants had no notice of such deed and that any rights that Parrish might have in Lot 18 are subject to their rights under the trust deed. It is also contended that the deed was in fact a mortgage to secure the sum of $125 which Parrish had loaned to Lyon.

Appellee Parrish insists that he is the owner of Lot 18, and although the deed was not recorded until February 18, 1932, yet in the month of September, 1931, he took actual, open and visible possession of said lot and was in possession thereof at the time that the trust deed was executed and filed for record. The claim is also made by Parrish that, after receiving the deed to Lot 18, and before the execution and recording of the Millikin Trust Co. deed, he informed and advised the Millikin Trust Co. that he owned and had a deed to said Lot 18.

We have carefully examined the evidence in the record and are of opinion that it fails to prove the contention of appellants that the deed absolute in form from James M. Lyon to William A. Parrish was intended as a mortgage by the parties. There is evidence in the record that this Lot 18 was of greater value than the expressed consideration of $125. The record also discloses that Lyon went to a Mr. Cobb, a real estate and insurance agent, and wanted to borrow money and that Cobb took him to Mr. Parrish, who said he would be glad to make the loan but that he did not want a mortgage, that Lyon would have to put up a deed with a note as security. Cobb then left the office of Mr. Parrish. The time was not fixed by the evidence

of Mr. Cobb. The evidence of appellee Parrish is that he purchased the lot from Lyon for $125 and got the deed for it. The law is well settled that one claiming that a deed absolute in form is a mortgage, must establish it by clear and convincing proof, and the proof in the record falls far short of that requirement. *Williams v. Williams,* 180 Ill. 361, 54 N. E. 229; *Rankin v. Rankin,* 216 Ill. 132, 74 N. E. 763; *Kimmel v. Bundy,* 302 Ill. 514, 135 N. E. 56.

Herbert Jordan was teller of The Millikin National Bank and was connected with the real estate department of the bank. His testimony discloses that the note and mortgage in question were held by the bank for Mary J. Penhallegon. Mr. Brownback was vice president of the bank, but is now deceased, and he had control of the loaning or making of this mortgage and note. Brownback was also one of the officials of the Millikin Trust Co. The bank had a loan on Lots 8, 9 and 10, due January 2, 1935. Mr. Lyon wished to have the loan increased. The new loan included Lot 18, and until that time the bank or Trust Co. never had a mortgage upon that lot. Mrs. Penhallegon purchased the notes on February 9, 1932.

The evidence discloses that Mr. Lyon came to Parrish along in October or November, 1931, and wanted to get an abstract that Parrish had, to show Mr. Brownback. A couple of weeks after that Parrish went over to Mr. Brownback and talked to him about his abstract, and he told him that he had a warranty deed to Lot 18.

Appellants take the position that the plaintiff, Mary J. Penhallegon, now deceased, having purchased the notes and trust deed, recorded in the recorder's office, showing a good title to Lot 18 in James M. Lyon, even though the defendant, Parrish, having afterwards recorded the deed from the mortgagor, dated earlier than the trust deed, and the evidence at the hearing of the foreclosure suit disclosing that Parrish had in-

formed an officer of the bank making the loan that he
had a warranty deed to said Lot 18, of which communi-
cation the plaintiff, Mary J. Penhallegon, knew noth-
ing, such information of the bank would in no way sub-
ject the lien of the trust deed to the equities of Par-
rish in said Lot 18.

The assignee of a mortgage takes it subject only to
equities existing in favor of the mortgagor, as against
the assignor, and not subject to latent equities in favor
of third persons in the subject involved in the assign-
ment of which he had no notice. *Silverman v. Bullock,*
98 Ill. 11; *Himrod v. Gilman,* 147 Ill. 293, 35 N. E. 373;
*Humble v. Curtis,* 160 Ill. 193, 43 N. E. 749.

It is said that when resort is had to a court of equity
to enforce the obligation created by the mortgage, it
will let in any defense which would have been good
against the mortgage in the hands of the mortgagee
himself, excepting only defenses based on latent equi-
ties of third persons of whose rights the assignee had
no notice. A mortgage gives notice on its face that the
mortgagor is the debtor and if the assignee fails to
obtain actual notice of any equities or defenses of such
debtor it is due to his own neglect. The assignee is not
bound to inquire of third persons whether they have
equities, and is presumed to take without notice of any
such equities and free from them. *Peacock v. Phillips,*
247 Ill. 467, 93 N. E. 415.

The equities here involved did not exist in favor of
the mortgagor as against the assignor, and for that
reason the assignee of the notes and trust deed was not
bound to inquire of third persons whether they had
any equities, and is presumed to take without notice of
any such equities and free from them.

The reason for the rule is, that it is the duty of the
purchaser of a mortgage, it not being assignable so as
to vest the legal interest, to inquire of the mortgagor if
there is any reason why it should not be paid. He

should not be required to inquire of the whole world to see if some one has not a latent equity which might be interfered with by his purchase of the mortgage. *Humble v. Curtis, supra.*

There is no merit in the contention of appellee Parrish that the plaintiff Mary J. Penhallegon, assignee, took the notes and trust deed subject to all of the equities, infirmities and defenses of the original parties. There is no evidence in the record to prove that the plaintiff was ever informed that appellee Parrish claimed to Brownback that he had a warranty deed to Lot 18.

Appellee makes the claim that he took actual, open and visible possession of Lot 18 in September, 1931, and that the possession of land is notice to all persons dealing with it of whatever rights the one in possession claims and that such occupancy is equivalent to the recording of the deed.

Possession, before it can be held to operate as notice of an unrecorded deed, must be open, visible, exclusive and unambiguous, such as is not liable to be misunderstood or misconstrued. *Robertson v. Wheeler,* 162 Ill. 566, 44 N. E. 870. We have considered the proof in the record with reference to the possession of this Lot 18 by appellee and are of opinion that it fails to meet the requirements above set forth.

On behalf of appellee evidence was introduced to prove that in September, 1931, he rented this Lot 18 and that the tenant cut the weeds upon said lot and in late fall the lot was plowed. On behalf of appellants the evidence discloses that it is not true that appellee plowed the lot and did the work which the evidence of appellee tends to prove. That there was no one who worked the lot in 1931 except a Mr. Calbert who farmed the lot that year. Mr. Lyon owned Lots 8, 9, 10 and 18, which were all connected up, and he lived on Lot 10 until the time of his death on February 26, 1932.

The evidence is contradictory and it fails to prove that any person other than Lyon himself was in possession of Lot 18 in 1931.

For the reasons indicated the decree of the circuit court of Macon county is reversed and the cause remanded with directions to enter a decree in conformity with this opinion decreeing that the premises described in said trust deed, which is sought to be foreclosed in the complaint filed herein, or so much thereof as may be necessary to realize the amount due plaintiffs, including costs and expenses of this suit, be sold.

*Reversed and remanded with directions.*