Henry Doll, Jr., Appellee, v. Mary Walter, Executrix of the Estate of Fred Walter, Deceased, and Mary Walter, Individually, Appellants.

Gen. No. 9,533.

Heard in this court at the February term, 1940. Opinion filed April 26, 1940.

John J. Massieon, of Peru, and John H. Armstrong, of Ottawa, for appellants.

TRIMBLE & TRIMBLE and ROBERT A. OAKES, all of Princeton, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The defendant has appealed from a decree of the circuit court of Bureau county declaring that a judgment obtained by the defendant, in said court against one, Charles Walter, is not a lien on an undivided one-half interest in a farm, which interest Walter sold to the plaintiff, his cotenant, and that a sheriff's sale purporting to sell the interest of Walter in the farm under execution, issued by virtue of the judgment is void. The decree follows the prayer of the complaint that the judgment and the sheriff's certificate of sale be declared by the court to be clouds on the plaintiff's title and that they be removed by order of the court.

The farm is located in Bureau county. On March 7, 1922, the plaintiff and Charles Walter bought the farm and continued to own it as tenants in common, until a short time before August 12, 1937, when Walter verbally agreed with the plaintiff to sell his undivided one-half interest to the plaintiff. As part of the purchase price, the plaintiff agreed to pay the balance due on several notes, on March 1, 1938. The notes were originally for the sum of $46,000 and were secured by a trust deed on the farm and other real estate. The amount due on the notes on March 1, 1938, was, it is estimated, $6,018.19. The purchase price of Walter's interest was $7,275. There was due Walter from the plaintiff on March 1, 1938, in cash, one-half of the difference between the purchase price and the amount due on the notes on March 1, 1938. By the agreement of sale, the cash difference due Walter was by the plaintiff to be credited on a note of Walter held by the plaintiff.

On August 12, 1937, Walter and his wife executed a quitclaim deed conveying the farm to the plaintiff and

they delivered the deed to Cairo A. Trimble in escrow with oral instructions to record the deed when the plaintiff paid the balance due on the notes. On March 1, 1938, the plaintiff paid the balance due on the notes, and credited Walter's note with the cash amount due him on the purchase price of the farm. The deed was filed for record on October 24, 1938.

On June 18, 1938, the defendant secured a judgment against Charles Walter and his wife in the circuit court of Bureau county. The sheriff levied on Walter's alleged interest in the farm, and on February 16, 1939, sold all right, title and interest of Charles Walter and his wife in the farm to the defendant, and he issued to him a certificate of sale.

The defendant pleaded the statute of frauds alleging that the contract for the sale of the farm between the plaintiff and Charles Walter and the escrow agreement between the plaintiff and Charles Walter, were not in writing, nor was any written memorandum or note made of the same. It is contended by the defendant that the contract of sale is void, under the provisions of the statute of frauds. There are several reasons why such a defense to plaintiff's claim of ownership of the farm against the defendant's claim of judgment lien on one-half interest in the farm cannot be sustained. There is nothing in the record showing that the defendant had any interest in the farm, nor was in privity with the parties when they made their agreement of sale; defendant, therefore, is in no position to interpose the statute of frauds. (*Pasquay v. Pasquay*, 235 Ill. 48; *People v. Tombaugh*, 303 Ill. 591.) It is also the rule that where an oral agreement of the sale of real estate is fully performed, and a valuable consideration paid and possession taken under the contract, the purchaser or grantee may, in equity rely upon his equitable title for a defense, although a deed has not been delivered before a judgment is taken by a third person against the grantor. (*Pasquay v. Pas-*

*quay, supra.*) The plaintiff fully performed his part of the agreement to purchase the farm, and the delivery of the deed by the escrowee to the plaintiff was obligatory. To hold under such facts that the contract was within the statute of frauds, would make the statute an engine of fraud. (*Ropacki v. Ropacki,* 354 Ill. 502.)

The purchase price of the farm was at the rate of $100 per acre and there is no evidence that this was an inadequate consideration. The full purchase price was paid before the defendant secured his judgment. There is no proof that the transaction between the plaintiff and Walter, involving the sale of the farm and the placing of the deed in escrow, was "a contrivance to interfere with the rights of creditors." *Price v. Pittsburgh, Ft. W. & C. R. Co.,* 34 Ill. 13.

It is argued by the defendant that the plaintiff took no legal or equitable title to the farm until a second delivery of the deed by the escrowee, which was after the defendant secured his judgment. A consideration of the question whether an escrow passes title to the grantee according to the intention of the parties to the escrow agreement, on delivery to the depositary, or on second delivery, we deem unnecessary. Possession of property is equivalent to the recording of a deed. (*Chicago Title & Trust Co. v. Darley,* 363 Ill. 197.) It is stated in the case of *Nelson v. Joshel,* 305 Ill. 420, as follows: "Possession of land is notice to all persons dealing with it of whatever rights the one in possession claims, and a purchaser takes subject to such claims provided they are well founded. Possession, however, is notice of such facts, only, as inquiry of the occupant would disclose and that would be the nature of his claims. A purchaser is bound to inquire of one in possession by what right he holds possession and what interest he claims in the premises, and the law declares that the purchaser has constructive notice of all those things which he would have learned re-

specting the title or claim of the party in possession by inquiry of him.'' In the case of *Bullard v. Turner,* 357 Ill. 279, it is stated that, ''Under the system of recording the evidences of title to real estate in force in this State, the actual occupancy of land is equivalent to the record of the instrument under which the occupant claims so far as notice to subsequent purchasers and incumbrancers is concerned.'' Subsequently in that case it is also stated:

''A purchaser or incumbrancer is bound to inquire of a person in possession of real estate by what right he holds possession and what interest he claims; and in case the purchaser or incumbrancer fails to make such inquiry, the law charges him with constructive notice of all those facts which he would have ascertained respecting the claim or title of the person in possession had inquiry been made of him.'' The same law applies to judgment creditors who claim interest in land of which another has possession when the judgment was secured; judgment creditors, in such a case, are on the same footing as purchasers. (*German-American Nat. Bank v. Martin,* 277 Ill. 629; *Carnes v. Whitfield,* 352 Ill. 384.)

On and before August 12, 1937, the house on the farm was occupied by William Doll, a brother of the plaintiff. He also rented the pasture land of about 12 acres, as a tenant of a part of the farm of the then-owners, Charles Walter and the plaintiff. In 1937, the plaintiff cultivated the remainder of the farm and resided on another farm. Charles Walter resided in Princeton during all the time now in question. Before March 1, 1938, William Doll removed from the farm and the plaintiff, on about March 1, 1938, went into the exclusive possession of the entire farm, residing in the dwelling house thereon with his family, and continuously retained such possession until the filing of his complaint. That the plaintiff took and maintained his possession of the farm under his contract, there is

no doubt from the evidence. (*Farmers' Nat. Bank of Bushnell v. Sperling,* 113 Ill. 273; *VanGundy v. Tandy,* 272 Ill. 319.)

Inquiry by the defendant of the plaintiff by what right or title the plaintiff held possession of the farm, would have resulted in information being given the defendant that the plaintiff held possession under his verbal agreement of sale, and that he had paid the full purchase price of the farm, which was the only condition of the escrow agreement, and that he was entitled to a delivery by Mr. Trimble of the deed to the farm. The deed was the evidence of the plaintiff's title to the farm and confirmed plaintiff's equitable title to the farm passing to him under his oral contract of purchase. (*Pasquay v. Pasquay, supra.*)

The decree of the circuit court of Bureau county is affirmed.

*Affirmed.*