RALPH K. BEALS, d/b/a Beals Motor Company, Plaintiff-Appellee, *v.* ALFRED J. CRYER *et al.*, Defendants-Appellants.

Fifth District   No. 80-329

Opinion filed August 19, 1981.—Rehearing denied September 22, 1981.

William L. Turner and David E. Eversole, both of Shelbyville, for appellants.

Dove & Dove, of Shelbyville, for appellee.

Mr. PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

On December 31, 1976, defendants, Alfred and Gladys Cryer, entered into an installment contract with Glen and Hazel Sturgeon for the purchase of a parcel of real estate in Shelby County, Illinois. Title to the property was held in the name of Glen Sturgeon. Under the provisions of the contract the sale price of the property was $3,000. Defendants paid $2,000 on December 31, 1976, leaving a balance due of $1,000 plus interest to be paid in 36 equal monthly installments. On the date of execution, the contract and deed to the property were delivered to the Strasburg State Bank as escrow agent.

Subsequently, on May 31, 1977, plaintiff, Ralph K. Beals, doing business as Beals Motor Company, obtained a judgment against Glen Sturgeon in the sum of $1,890.38 plus costs. On the same day, a memorandum of the judgment was filed in the recorder's office of Shelby County. At the time of filing, there remained unpaid on the installment land contract the sum of $843.30.

Unaware of the existence of the judgment against Sturgeon, the defendants continued making monthly payments and, after completing the contract payments, took delivery of the deed to the property, which was recorded on March 17, 1979. On May 4, 1979, plaintiff filed suit to have his judgment against the vendor, Glen Sturgeon, declared a lien on the real estate sold and conveyed to the defendants.

In response to interrogatories propounded by plaintiff, the defendants indicated that the subject parcel was vacant with no improvements. When asked when and how they went into possession of the premises, defendants responded as follows:

"The contract dated December 31, 1976, between Glen H. Sturgeon, Alfred J. Cryer and Gladys M. Cryer provided that possession was to pass to Buyers on or before the date *hereof* (that is to say, December 31, 1976).

Since the property was vacant, we had constructive possession, and my brother Harold Cryer kept an eye on the same for us; and my brother personally mowed the grass and weeds, and later my brother engaged Roger Smart to do the mowing, and the last two years, my brother, on our behalf, permitted a farmer to plant corn on the same in return for keeping the weeds down."

Pursuant to a motion by the plaintiff, the trial court entered summary judgment, finding that plaintiff's judgment was a lien on the real estate to

the extent of $843.30. In its order, the court found that upon execution of the contract for deed, the defendants "immediately took and held possession of the premises." The order also described the parcel as "unimproved." The defendants appealed from the judgment.

On appeal, defendants assert that their possession of the real estate constituted notice of their interest in the property, equivalent to recording. Therefore, any claim that plaintiff was put on constructive notice of their interest and that plaintiff's judgment lien was taken subject to those equities and interests existing at the time of the filing of the memorandum of judgment, including defendants' interest in the property.

■■ Illinois courts have uniformly held that the actual occupation of land is equivalent to the recording of the deed or other instrument under which the occupant claims interest in the property. (*German-American National Bank v. Martin* (1917), 277 Ill. 629, 115 N.E. 721.) Generally, where the buyer of property under an unrecorded executory contract has prevailed as against persons claiming under or through subsequent conveyances or mortgages by the seller, it has been due to the fact that the subsequent party was charged either with actual notice of the buyer's rights or with constructive notice thereof through the buyer's possession of the property. Annot., 87 A.L.R. 1505 (1933).

■■ Possession of property is equivalent to the recording of a deed both as to subsequent purchasers and as to judgment creditors who claim interest in land of which another has possession when the judgment was secured. *Doll v. Walter* (1940), 305 Ill. App. 188, 27 N.E.2d 231; *Union Bank v. Gallup* (1925), 317 Ill. 184, 148 N.E. 2.

Precisely what constitutes possession sufficient to be equivalent to recording depends upon the facts of each case. The fact that the person who exercises control over the land does not live on it does not imply that he is not in possession thereof; actual residence is not essential. (*Chicago Title & Trust Co. v. Darley* (1936), 363 Ill. 197, 1 N.E.2d 846; *Carnes v. Whitfield* (1933), 352 Ill. 384, 185 N.E. 819.) As one example, the possession of a tenant is notice of the possession of his lessor. (*Chicago Title & Trust Co. v. Darley*.) Further, if the owner "is in actual possession and there are continuous acts of ownership there is sufficient notice to the world of his claim of title." *Carnes v. Whitfield* (1933), 352 Ill. 384, 390, 185 N.E. 819, 821.

■■ ■ In order for possession to be equivalent to recording, it must provide some measure of notice to the outside world of the possessor's interest in the land. Improvements or acts of dominion over land sufficient to constitute possession are those which indicate to persons residing in the immediate neighborhood who has the exclusive management and control of the land. (*Chicago Title & Trust Co. v. Darley*.) Before it can operate as notice of an unrecorded deed, possession must be

"open, visible, exclusive and unambiguous, such as is not liable to be misunderstood or misconstrued." (*Millikin Trust Co. v. Gregory* (1937), 292 Ill. App. 28, 35, 10 N.E.2d 853, 856.) The prevailing rule is that, "where one purchases land of another which is at the time of the purchase in the actual, open, exclusive and visible possession of a third person, such possession is constructive notice to the purchaser of all the rights whatever of the possessor of the land at the time of the purchase." *Union Bank v. Gallup* (1925), 317 Ill. 184, 188, 148 N.E. 2, 3-4.

The same issue presented here was addressed in *Burnex Oil Co. v. Floyd* (1969), 106 Ill. App. 2d 16, 245 N.E.2d 539, where the reviewing court, in discussing the applicable law, stated:

"The parties agree on the general rule that a bona fide purchaser of real property from the record owner acquires good title thereto free and clear of any interest therein except such interest of which he has notice. It is admitted that the defendants purchased the premises from the record owner (plaintiff's lease was not recorded), and hence the principal question is whether defendants had or are chargeable with notice of plaintiff's interest. Such notice may be actual or constructive and contemplates the existence of circumstances or facts either known to a prospective purchaser or of which he is chargeable with knowledge which imposes upon such purchaser the duty of inquiry. Where real estate is in the possession of someone other than the record owner, such possession is generally regarded as notice to the world of the interest represented thereby and is legally equivalent to the recording of such interest. Carnes v. Whitfield, 352 Ill. 384, 185 N.E. 819, and Slinger v. Sterrett, 283 Ill. 82, 118 N.E. 1008. A purchaser is bound to inquire of the person in possession by what tenure he holds and what interest he claims in the premises. Carnes v. Whitfield, supra. Possession having the same effect as recording, charges a prospective purchaser with notice of all legal and equitable claims of the occupant. Ambrosious v. Katz, 2 Ill. 2d 173, 117 N.E.2d 69. Because possession has such substantial significance and consequences it follows that the possession or evidence of continuing acts of ownership thereof must be visible, open, exclusive and unambiguous. Atwood v. Chicago, M. & St. P. Ry. Co., 313 Ill. 59, 144 N.E. 351." *Burnex*, 106 Ill. App. 2d 16, 21-22, 245 N.E.2d 539, 542-43.

In the instant case, defendants argue that the trial court's granting of summary judgment was inconsistent with its finding that they had taken possession of the premises at the execution of the contract for deed. However, it is apparent that bare possession, without more, is not sufficient. Possession must be visible, open, exclusive, and unambiguous, or it must be accompanied by "continuous acts of ownership." The

evidence presented by the defendants in this case falls short of these requirements.

Defendants conceded that the subject property was both vacant and unimproved. At the time plaintiff's notice of judgment was recorded on May 31, 1977, the only evidence of possession or "act of ownership" which defendants had performed was to have defendant's brother mow the grass and weeds. Only later did defendants permit a farmer to plant corn on the property.

We do not construe this as a continuous act of ownership or as visible, open, exclusive, and unambiguous possession. In *Millikin Trust Co. v. Gregory*, the possessor of the subject property by unrecorded deed introduced evidence to show that the tenant renting the property from him both cut the weeds and plowed the property. The reviewing court held that such evidence failed to prove that any person other than the owner of record was in possession of the property. Thus, such acts did not constitute open, visible possession equivalent to recording.

The situation here is comparable. The mowing of grass and weeds was in no way inconsistent with continued ownership of the property by Glen and Hazel Sturgeon, the sellers of the property against whom judgment was taken. Because the defendants failed to record their executory contract and their possession of the property was neither visible nor open, plaintiff filed his memorandum of judgment without either actual or constructive notice of defendants' interest. Hence, the plaintiff obtained a judgment lien against the property to the extent of the judgment debtor's interest in the property at the date of judgment, which judgment is entitled to priority over the defendants' unrecorded interest. (*East St. Louis Lumber Co. v. Schnipper* (1923), 310 Ill. 150, 141 N.E. 542.) In this case, that interest was $843.30, the amount of the total contract price left unpaid.

For the foregoing reasons, the judgment of the circuit court of Shelby County is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.