# JOSHUA W. CABEEN

*v.*

# JAMES T. BRECKENRIDGE.

1. DEED—*not recorded—possession, notice.* Where a patentee of land conveys the same by deed, which was not recorded, and subsequently again conveys the same to another person, but the first grantee had taken open and visible possession before the junior deed was recorded: *Held*, that a grantee, deriving his title from the junior deed, and while the grantee of the elder deed was in possession, could not recover in an action of ejectment against the tenant of the elder grantee, as his possession was notice, and equal to recording the elder deed.

2. FORMER DECISION. The case of *Warden* v. *Williams*, 24 Ill. 67, *held*, not to control this case.

APPEAL from the Circuit Court of Mercer county; the Hon. IRA O. WILKINSON, Judge, presiding.

The opinion states the case.

Messrs. GOUDY & CHANDLER, for the appellant.

Messrs. FROST & TUNNICLIFFE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought in the Mercer Circuit Court, to recover a tract of land lying in that county. Upon the trial in the circuit court, appellant read in evidence, a patent from the United States Government, dated the 2d of June, 1818, for the premises in controversy, to Daniel Dougherty; a deed from him to Joseph Watson, dated the 11th of August, 1818, recorded in Mercer county, the 20th of May, 1863; a deed from Watson to James Smith, dated the 20th of January, 1820, recorded the 14th of January, 1863, in Mercer county; also a deed from Smith to Joshua Cabeen, the appellant, dated the 7th of December, 1863, and recorded on the 17th of December, 1863. It was agreed by the parties that appellee was in possession of the premises when the declaration was served upon him.

Appellee then read in evidence, a stipulation of the parties that he was in possession of the premises, under a lease from Daniel Pauline, in March, 1861, and continued in such possession until the commencement of the suit; that Pauline had a house erected on the land at the time the lease was executed, which had been occupied by appellee while in possession, and that he had built for Pauline a substantial fence, enclosing the premises.

Appellee also introduced in evidence, a deed from Daniel Dougherty to Thomas Carroll, dated the 3d of August, 1818;

a deed from Carroll and wife to Daniel Pauline, dated the 7th of September, 1859, and a lease from Pauline to appellee, dated the 8th of January, 1861; none of which were recorded. Upon this evidence, the court found the issues for appellee, and appellant moved for a new trial, which the court denied, and rendered judgment in accordance with the finding. The record is brought to this court on appeal, and it is assigned for error that the circuit court found the defendant not guilty; in overruling the motion for a new trial, and in rendering judgment for the defendant.

It will be observed, that both parties derive title from the same source. That while appellee claims through the elder deed from the patentee, and was in possession before either deed was recorded, appellant claims through the junior deed which was first recorded. This presents the question, which holds the legal title to the land. At the common law, the first grantee acquired the title without reference to notice, either actual or constructive, and this principle is so plain as to require no reasoning or illustration to support it. *Noaks* v. *Martin*, 15 Ill. 118. It then follows, that up to the time when Dougherty's deed to Watson was recorded, appellee's landlord held the undisputed title to the land. There is not, nor can there be, the least pretense that Watson or his grantees, up to that time, had the better title. In a suit in ejectment by him or his grantees, prior to the record of that deed, he or they must inevitably have failed as against Pauline's title. Did the recording of the deed from the patentee to Watson, alter, or in any degree change, the rights of the parties?

It has been held by this court, that as to subsequent purchasers, notice, either actual or constructive, will defeat the junior grantees, and that such notice may be by recording, possession of the premises, or by other means. *McConnel* v. *Reed*, 4 Scam. 117; *Rupert* v. *Mack*, 15 Ill. 540; *Keys* v. *Test*, 33 Ill. 316; *Brown* v. *Gaffney*, 28 Ill. 150. It is the obvious design of our recording laws, to protect purchasers

from latent legal or equitable titles. Hence, its operation in such cases in giving notice to the world, protects all persons against fraud, by the grantors wrongfully selling lands a second time. And, as a general rule, when the same person has executed two deeds for the same land, the first deed recorded will hold the title, unless the junior grantee has purchased with notice, in which case a prior recording of his deed would not avail against the prior deed of which he had notice. The statute has only given the priority to the junior deed first recorded, when the grantee has acted in good faith. If, at the time he makes the purchase, he has notice of an elder unrecorded deed, he must be regarded as acting in bad faith, and neither principles of justice nor the policy of the law will permit him to avail of the priority of the record. *McConnel* v. *Reed, supra.* It then follows that, actual, visible, open possession being regarded as notice equal to the recording of the deed under which the grantee is in possession, the person holding the first conveyance, and being in open, visible possession before the junior deed is recorded, must be held to be the owner of the title, as against the grantee in the junior deed.

It is admitted, that had the deed from Dougherty to Carroll been first recorded, the title of appellee must have prevailed, and we have seen that, actual, open, visible possession is the same in effect as recording the deed under which it is held. Then, if, at common law, Pauline held the title, and did that which was equal to recording the deed to Carroll, upon what principle of justice or reason can that title be destroyed by a deed junior in date, which, in fact, conveyed no title, and was not recorded until after the holder of the better title had reduced the land to possession? Such a construction cannot be reasonably or justly given to our recording laws. It is, however, contended that this case falls within, and must be governed by, the principle of the case of *Warden* v. *Williams*, 24 Ill. 67. In that case, Lombard, by his agent, had notice of the prior conveyance, at the time he purchased for his principal

and it operated as notice to Lombard. And, it will be observed that, as to him, this notice was as effectual as if the deed had been on record when he received his conveyance. He was acting in bad faith, and could not have asserted his title against the prior grantees. The case standing thus, he sold and agreed to convey to Weed and Harding, who also agreed to convey to the Wardens, but neither of these contracts was recorded until after the elder deed had been recorded, which was subsequent, in point of time, to the junior deed. The Wardens, however, entered into possession soon after they contracted for the purchase, and before the elder deed was recorded, under their agreement and a tax title. Deeds under these contracts were subsequently made and recorded. It was held that the elder deed was not postponed to the junior fraudulent deed, or those claiming through it.

In that case, the elder *bona fide* deed was sustained against the fraudulent grantee and those claiming under him. In this case, Pauline holds the prior conveyance, *bona fide*, and was, by his tenant, in the open and exclusive possession. He nor his grantors committed any fraud upon the persons claiming under the junior title, but, on the other hand, he took possession, which operates against appellant as notice when he purchased. In that case, it was the grantee under the junior and fraudulent deed who was in possession, and his bond for a conveyance was recorded. In this, it is the holder of the title first conveyed, who was in possession. The cases are, to that extent, entirely different, and we do not see that any principle is there announced that brings this case within its operation. The most that case can be held to decide, is, that where a deed junior in date, taken with notice of the prior conveyance, but first recorded, will not protect a purchaser of the title from the junior grantee, who fails to record his agreement for the conveyance of the junior title, although in possession before the prior deed is recorded. While that

case may govern all similar cases, it cannot control this or like cases.

For these reasons, the judgment of the court below must be affirmed.

*Judgment affirmed.*