246                     JAQUES *v.* LESTER.

FRANK G. JAQUES

*v.*

JOHN B. LESTER.

*Filed at Springfield October 6, 1886.*

1. NOTICE—*by possession of land, under unrecorded deed.* The possession of land, under an unrecorded deed, at the time of a conveyance by a devisee of the former grantor, is notice of the rights of those holding under such unrecorded deed.

2. CLOUD UPON TITLE—*subsequent conveyance, as against a prior unrecorded deed, with possession.* The owner of land conveyed the same in 1845, and in 1855 a devisee of that grantor conveyed the same premises by deed, which was first recorded, but at the time of making such second deed the land was in the possession of those holding under the prior and then unrecorded deed, and who have ever since held actual and exclusive possession, being a period of over twenty years, under a valid paper title: *Held,* on bill by a remote grantee holding under such prior unrecorded deed, against the holder of the title under the deed made by the devisee, that a decree setting aside such last named deed, and the transfers thereunder, was properly entered.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. O. CUNNINGHAM, for the plaintiff in error:

A party seeking, by bill in chancery, to remove a cloud from the title to certain real estate, where such title is controverted by the answer, must, by evidence adduced, show title in himself to such real estate, or he has no standing in a court of equity. *Hopkins* v. *Granger,* 52 Ill. 504; *West* v. *Schnebly,* 54 id. 523; *Wing* v. *Sherrer,* 77 id. 200; *Emery* v. *Cochran,* 82 id. 65; *Hutchinson* v. *Howe,* 100 id. 11; *Ritchie* v. *Pease,* 114 id. 353.

The recitals in a deed from a person under whom one does not claim, are not evidence against him. *Graves* v. *Colwell,* 90 Ill. 612.

Where a usurper enters upon land, he acquires possession, inch by inch, of the part which he occupies, and the mere

naked possession, without color of title, is adverse only to the extent of the actual inclosure. *Bristol* v. *Carroll County*, 95 Ill. 84.

Mr. FRANCIS M. WRIGHT, for the defendant in error:

A plaintiff in a suit to quiet title is not bound to show a perfect title against all the world, as in case of a party seeking to recover possession. It is immaterial to the defendants who show themselves in no way connected with the property. *Rucker* v. *Dooley*, 49 Ill. 377.

Where a person is in the possession of land under an unrecorded deed, that possession is notice to all subsequent purchasers or incumbrancers of whatever title is held by the person in possession, to the same extent as if his deed were duly recorded; and a subsequently acquired title, although first on record, will be held subject to the title which the person in possession may have to the property. *Brainard* v. *Hudson*, 103 Ill. 218; *Coari* v. *Olsen*, 91 id. 273, and cases there cited.

It has always been held that a plaintiff in ejectment may recover on a prior possession, as title, unless overcome by proof that the title is in some one else. The proof that defendant in error was in possession, therefore, answered the requirement that he must prove title in himself before he could obtain the relief sought. *Gage* v. *Schmidt*, 104 Ill. 106.

Where the purchaser of land takes actual possession before recovery of judgment against the vendor, a subsequent sale of the property and a sheriff's deed will be set aside as a cloud upon the title of the prior purchaser,—and this, too, where the title is only an equitable one. *Walsh* v. *Wright*, 101 Ill. 178.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was filed in the circuit court of Champaign county, by John B. Lester, against Frank G. Jaques. Complainant alleges he is the owner in fee simple of the lands

described in the bill, and the relief sought is to have a title,. claimed by defendant to the same lands, removed as a cloud upon his title.   It will be seen, on looking into the bill, that complainant claims title to the lands in controversy from the . United States, through P. S. Loughborough, and successive conveyances to himself, and avers that such lands, since they were conveyed by Loughborough to William J. Graves, on May 24, 1845, have been continuously in the actual possession of Graves, and his donees and grantees.   The cloud sought to be removed, the bill charges, was created by a deed. from Elizabeth Loughborough, devisee of P. S. Loughborough,. of date June 2, 1855, to James F. Gamble and others, and through them to defendant,—the deed from Elizabeth Loughborough having been recorded June 7, 1855.   The answer of defendant is not under oath, and simply denies that complainant had title to the lands named, and asserts title in himself, under Elizabeth Loughborough, free from any claim under the Graves title.

It will be observed, both parties claim the title that was in P. S. Loughborough.   The difficulty in the case all comes from the fact the deed from P. S. Loughborough to William J. Graves, from which complainant claims title, although made on the 24th day of May, 1845, was not filed for record until December 14, 1855.   In the meantime, Elizabeth Loughborough, sole devisee under the will of P. S. Loughborough, on the 2d day of June, 1855, conveyed the same lands the testator had previously conveyed to William J. Graves, to James. F. Gamble and others, through whom defendant claims title.. The deed from Elizabeth Loughborough seems to have been filed for record June 7, 1855, which was before the deed from P. S. Loughborough to William J. Graves was recorded.  It is. evident, however, that Graves, or other persons under him, had such possession of the lands prior to the making of the deed from Elizabeth Loughborough, that would put purchasers. from her on inquiry as to the rights of persons then and now

claiming title to these lands under the prior deed from her testator. It is also clear, that at the time of the death of P. S. Loughborough he had no interest whatever in these lands that could pass to his devisee. He had parted with all his title and interest, by deed, ten years before his devisee assumed to convey such lands. Thus it is seen, the grantees from Elizabeth Loughborough have no equities that should prevail over the superior equities of the grantees holding under the deed from the testator himself. It is proved, P. S. Loughborough, from whom both parties claimed title, on the 24th day of May, 1845, conveyed the lands in controversy to William J. Graves. It also appears, past all doubt, since the date of that deed, Graves and his grantees or donees have had the possession of such lands down to the time of filing this bill, and during all that time have exercised acts of dominion over them, as an absolute owner would do. There is not a scintilla of evidence that shows, or even tends to show, an adverse possession in any one. No question is made as to the deed from P. S. Loughborough to William J. Graves, from whom complainant attempts to deraign title. Apparently, the title claimed by complainant is paramount, but without examining to ascertain whether every link in the chain of title from Graves to complainant has been proved, by competent evidence, so as to show a perfect title, it is sufficient the proof shows that since the time Graves took possession of these lands, under a valid paper title, to which no objection is taken, either he or his grantees, or their donees, have been in the actual and exclusive possession, and as that possession has continued uninterruptedly for a period of more than twenty years, the title of complainant, now in the actual possession, must be regarded as the superior title, both in law and in equity.

The decree of the circuit court will be affirmed.

*Decree affirmed.*