Adam v. Tolman.

## Albert L. Adam and William F. Bahn v. Daniel H. Tolman.

1. Notice — *Open and Visible Possession.* — A deed, though not recorded, is good as between the parties to it, and the actual, open and visible possession of the granted premises taken and held by the grantee is equivalent to notice to all third persons, of the grantee's rights under the unrecorded deed to him.

2. Lien—*Of Subsequent Judgment and Prior Unrecorded Deed.*—It

would be contrary to all rules recognized by the law of this State to give priority to the lien of a subsequent judgment over a prior unrecorded deed, where the grantee in the deed had entered and was in actual, open and visible possession under the unrecorded deed.

3. Mortgage—*By Person in Possession Without Record Title.*— The giving of a mortgage upon land by the actual occupant of the premises, without having a title or claim of any kind of record, is so unusual a circumstance as to demand inquiry by anybody dealing with the land pending open possession thereof by the one making such mortgages.

Bill to Remove Clouds.—Trial in the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Hearing and decree for complainants. Appeal by defendants. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

J. Henry Kraft and G. W. Duwalt, attorneys for appellants.

J. S. Painter, attorney for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This was a bill in chancery, brought by appellee, charging that certain judgments in favor of appellants, and other persons, against one Eleanor A. Allan, were claimed and asserted by the holders thereof to constitute liens upon certain premises alleged to belong to the appellee, and asking that such judgments be declared to be null and void as to appellee, and a cloud upon appellee's title, and as such be removed.

The relief prayed for was granted, and the decree is now here for review.

The facts found by the decree are quite as briefly stated in the abstract as can be done by us, and together with the ordering part, are as follows:

"That about April 25, 1889, said Eleanor A. Allan, with James M. Allan, her husband, executed and delivered a deed to said premises to Lily F. Smith; that said premises were then improved by a dwelling house, and that immediately after execution of said deed, said Lily F. Smith

Adam v. Tolman.

entered thereon and occupied the same as her home, and at the same time, with Marcus W. Smith, her husband, by trust deed executed to William Loeb, as trustee, conveyed said premises to secure $762, represented by fifty-one promissory notes, and given as in said deed recited, as part purchase money of the premises in said deed described, and which was recorded in said county on May 8, 1889; but that said deed so executed and delivered by said Eleanor A. Allan and her husband, was not recorded; that said Lily F. Smith remained in possession of said premises as her homestead up to December 30, 1889, when she, with her husband, by quit-claim deed, conveyed said premises to Eleanor Story, which deed was acknowledged and delivered and filed for record in said county.

. " That Mrs. Story, through tenants, took possession of said premises, and remained in the actual, open and notorious possession thereof until March 10, 1891, when she conveyed to complainant, who took possession of said premises, and through tenants remained in the actual, open and notorious possession of said premises until he entered into a contract for the sale of the same, when he delivered possession thereof to the person with whom said contract for sale was made, and through him is now in the actual, open and notorious possession of said premises.

" That at the time complainant acquired title to said premises he held notes secured by trust deed on said premises, which was a lien thereon at the time the same was conveyed to said Lily F. Smith; also notes secured by a trust deed given by said Lily F. Smith; but that afterward believing himself to have a good title, he caused said incumbrances to be released.

" That after the conveyance by Eleanor A. Allan and while said premises by the records of said county appeared to be owned by her, numerous judgments were recovered against her, which, by said records, appeared to be liens thereon; that said judgment creditors have been made defendants and have all been defaulted except the appellants, who appeared and defended, claiming a lien on said

premises by virtue of their judgment, but the court finds that at the time they recovered said judgment said premises had been conveyed to Lily F. Smith; that she was in possession thereof, occupying them as her homestead; that her possession of said premises was notice to the world of her rights therein, and that Eleanor Story, by her deed from Lily F. Smith, acquired said premises free from the lien of all of said judgments.

" That all material allegations of the bill are true, as therein stated; that the equities are with the complainant, and that he is entitled to the relief prayed.

" It is therefore ordered and decreed that said judgments be, and the same are hereby set aside and declared null and void, as against the complainant, his heirs and assigns, as a cloud upon his title in and to said premises, and that the appellants pay the costs of this suit, except service of summons on the other defendants, and that execution issue therefor."

The correctness of such findings is strongly attacked by counsel for appellants, but after an attentive consideration of all the evidence heard by the master, we are satisfied they are substantially correct, and that the decree is plainly in accordance with the evidence and the right. In justice, no essentially different decree should have been entered, and the decree that was entered was the right one.

The deed from Mrs. Allan to Mrs. Smith, though not recorded, was good as between the parties to it, and the actual, open and visible possession of the granted premises taken and held by Mrs. Smith was equivalent to notice to all third persons of Mrs. Smith's rights under the unrecorded deed to her. Partridge v. Chapman, 81 Ill. 137; Coari v. Olsen, 91 Ill. 273; Cabeen v. Breckenridge, 48 Ill. 91; Brainard v. Hudson, 103 Ill. 218; Scates v. King, 110 Ill. 456; Jaques v. Lester, 118 Ill. 246; Thomas v. Burnett, 128 Ill. 37.

It would be contrary to all rules recognized by the law of this State to give priority to the lien of a subsequent judgment over a prior unrecorded deed, where the grantee

in the deed had entered and was in actual, open and visible possession under her unrecorded deed; and this would be especially true where there existed, as in this case, the record of a purchase money mortgage given by the grantee in the unrecorded deed.

The giving of a mortgage upon land by the actual occupant of the premises, without having a title or claim of any kind of record, is so unusual a circumstance as to demand inquiry by anybody dealing with the land pending open possession thereof by the one making such mortgage.

To follow each one of the many contentions of the appellants and refute them, would demand of us to incorporate into this opinion all the evidence heard by the master—a task which the merits of the various contentions do not justify.

We are satisfied, after a review of the whole case, that the decree should be affirmed, and it is so ordered.