HOME INVESTMENTS FUND, Plaintiff-Appellant, *v.* RENEE ROBERTSON *et al.,* Individually and d/b/a LIBERTY REALTY *et al.,* Defendants-Appellees.

RAY K. ROGERS, Individually and d/b/a LIBERTY REALTY *et al.,* Defendants and Counterplaintiffs-Appellees, *v.* HOME INVESTMENTS FUND, Plaintiff and Counterdefendant-Appellee—(RENEE ROBERTSON *et al.,* Counterdefendants.)

(No. 71-352;

Second District—April 5, 1973.

Allen A. Schuh, of Holleb, Gerstein, Glass & Glicken, of Chicago, for appellant.

Goldsmith, Dyer, Thelin & Schiller, of Aurora, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Home Investments Fund (hereinafter referred to as defendant) appeals from an adverse judgment in a slander of title action brought by Ray K. Rogers and Aurora National Bank (hereinafter referred to as plaintiff) in which the court awarded plaintiff damages of $6000.

The issues presented for review are whether plaintiff's evidence supported findings of malice and special damages, elements necessary to a slander of title action.

Rogers was the sole beneficiary of a land trust holding title to certain Aurora property. On August 6, 1968, under an installment contract, he sold the property to the MacLachlans. In December, the MacLachlans assigned their interest in the contract to the Robertsons who then went into possession of the premises. Plaintiff, whose consent was necessary, refused to accept the assignment.

Defendant is a not-for-profit corporation which provides services to minority families to assist them in purchasing homes. On July 31, 1969, in exchange for a $6000 loan from the defendant, the Robertsons executed an installment note together with a trust deed. (The attorney who represented both the Robertsons and the MacLachlans, acted as defendant's agent for receipt of the $6000 draft.) The deed purported to con-

vey to a trustee, as security for payment of the note given defendant, title to property actually owned by plaintiff. On August 5, the Mac-Lachlans again assigned their contract interest to the Robertsons and, in return, the Robertsons, through their mutual attorney, gave the Mac-Lachlans the proceeds of the $6000 loan.

During this same period, plaintiff was informed of the second assignment and of the $6000 payment by the Robertsons. Through other counsel, the Robertsons, on October 2, 1969, entered into an agreement to purchase plaintiff's property on contract. Seven days later, defendant had the trust deed recorded. It is undisputed that plaintiff had no knowledge of defendant's involvement in the transaction and first became aware of the existence or filing of the instrument about May 11, 1970.

The Robertsons were constantly in default under the contract. Mr. Robertson died in January of 1970. Mrs. Robertson vacated the premises sometime in June of that year and could not thereafter be located.

Defendant brought suit for declaration of a constructive trust for the amount of the loan advanced to the Robertsons. Plaintiff counterclaimed to quiet title and for slander of title. All issues were found against defendant, but this appeal is taken only from the decision in the slander of title action.

■■ Slander or disparagement of title is established where there has been a false and malicious publication, either oral or written, of words disparaging a person's title to property which results in special damages. (See, *Van Tuyl v. Riner*, 3 Ill.App. 556, 558-559 (1878); I.L.P., Slander & Libel, sec. 3; Restatement of Torts, sec. 624 (1938).) In the present case, defendant concedes the falsity of the trust deed because title was not in the Robertsons, and further concedes that recording the mortgage constituted publication. Defendant contends, however, that plaintiff failed to establish the remaining elements of malice and special damage.

■■ The showing of malice is part of plaintiff's *prima facie* case in a slander of title action. Although no Illinois case discusses the issue, it is clear from other jurisdictions that actual malice need not be shown; implied malice is sufficient. (*Rogers Carl Corp. v. Moran*, 103 N.J. Super. 163, 246 A.2d 750, 753 (1968); *Contra Costa County Title Co. v. Waloff*, 7 Cal. Rptr. 358, 362 (1960); *Olsen v. Kidman*, 235 P.2d 510 (S.Ct. Utah, 1951).) It has been said that malice merely means a lack of legal justification and is to be presumed if the disparagement is false, if it caused damage, and if it is not privileged. *Gates v. Utsey*, 177 So.2d 486, 488 (App. Ct. Fla., 1965.)

■■ Under the facts of the instant case, malice can be implied in that (a) plaintiff proved the falsity of the recorded trust deed by showing that at all times he was the owner of the premises, (b) defendant offered

no evidence to show the deed to be privileged, and, (c) plaintiff incurred certain special damages which will be subsequently discussed.

■■ Defendant argues that he has a *bona fide* claim of good title, and relies on *Allison v. Berry*, 316 Ill.App. 261, 272 (1942). There it is stated that, "If he [defendant] only had reasonable grounds to believe he had an equity or legal title in the lands, assertion of his claim could not be slander of title." The segment of defendant's brief devoted to this argument is totally unsupported by the record. Defendant states that, by Robertson's false representations during the process of obtaining title, defendant was led to believe it had a claim, but there is absolutely no evidence of any discussions between the Robertsons and defendant. Defendant's brief also states that it had "no actual knowledge of the improperly recorded trust deed" until after the death of Mr. Robertson. It is difficult to understand how defendant can make such a statement when the evidence, and another paragraph of defendant's own brief, clearly indicate that defendant was responsible for that recording. Further, Robertsons' attorney (who acted as defendant's agent in delivering the loan proceeds and who was present when other documents were executed by the Robertsons) was well aware that they had no interest in plaintiff's property except for a possibility of a contract purchase. No interpretation of the record would justify a finding that defendant had grounds to reasonably believe it possessed a valid claim against plaintiff's property.

Defendant also contends that plaintiff failed to prove special damages, asserting that the losses shown were attributable, not to any slander of title by defendant, but rather, to other circumstances including the default of the Robertsons under the installment sales contract.

The order of the trial court found that the acts of defendant diminished the value of plaintiff's property, interfered with its sale, and caused defendant costs and attorneys' fees, all to plaintiff's special damage in the amount of $6000. The order does not indicate the method by which the amount of judgment was determined but it would seem that the sum included consideration for items for which plaintiff was not entitled to recover.

■■ Plaintiff's evidence showed damages for interest lost on the contract of sale, payment of real estate taxes and insurance, expenses of repair and maintenance after Mrs. Robertson left the premises, and the total attorneys' fees incurred in the course of litigation against defendant. Except for certain of the attorneys' fees, these expenditures were attributable to the default of the Robertsons or to other obligations of plaintiff, and were not connnected with the recording of the mortgage; they therefore should not have been compensable.

844

■■■ While the Illinois rule has been frequently stated that a party may not recover for the ordinary expenses and burdens of litigation (*House of Vision, Inc. v. Hiyane*, 42 Ill.2d 45, 51-52 (1969); *Ritter v. Ritter*, 381 Ill. 549, 553 (1943)), we note that malicious prosecution actions allow attorney's fees and costs incurred as a result of a defendant's malicious act, *i.e.*, bringing the original prosecution. (See, *Krug v. Ward*, 77 Ill. 603, 609 (1875); *Thieme v. MacArthur*, 285 Ill.App. 242, 253-254 (1936); *Farris v. Messimore*, 219 Ill.App. 582, 587 (1920).) Slander of title actions similarly involve the element of malice and we believe recovery should be permitted for only those costs and attorney's fees which directly flow from the wrongful disparagement. See, *Glass v. Gulf Oil Corp.*, 12 Cal.App.3d 412, 96 Cal. Rptr. 902, 918-920 (1970); *Contra Costa County Title Co. v. Waloff, supra*, 363-364.

■■ In the present case we hold that plaintiff was entitled to recover those costs and attorneys' fees directly related to the quieting of his title and to those damages directly related to a slander of his title, *i.e.*, loss of vendibility, etc.

For the reasons stated, that portion of the judgment finding defendant guilty of slander of title will be affirmed. That portion of the judgment assessing damages will be vacated. The case is remanded with directions to take evidence on the proper elements of damage in accordance with the views expressed herein and for entry of judgment thereon.

Judgment affirmed in part; vacated in part and remanded with directions.

SEIDENFELD and ABRAHAMSON, JJ., concur.