2023 IL App (1st) 220652-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

SECOND DIVISION
March 31, 2023

No. 1-22-0652

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| KINGSTON PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal from the |
| v. | ) | Circuit Court of |
| | ) | Cook County |
| LYNN PLAZA, LLC, | ) | |
| | ) | No. 20 CH 4842 |
| Defendant-Appellant | ) | 19 M1 711110 (cons.) |
| | ) | |
| (Lynn Plaza, LLC, Plaintiff v. Rodin Enterprises, Inc. | ) | The Honorable |
| d/b/a Minuteman Press, an Illinois corporation, and Allan | ) | Allen Price Walker, |
| Rodin, individually, Defendants; Allan Rodin, Aviva | ) | Judge Presiding. |
| Rodin, Kingston Partners, LLC, City of Chicago, and | ) | |
| Unknown Owners and Non-Record Claimants, Third- | ) | |
| Party Respondents). | ) | |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held:*  Trial court's entry of summary judgment quieting title in favor of purchaser of property which had not recorded its deed and against judgment creditor of property's record owner is affirmed. Denial of attorney fees and punitive damages on quiet title claim also affirmed.

¶ 2     This interlocutory cross-appeal arises from the trial court's entry of summary judgment in favor of the plaintiff, Kingston Partners, LLC (Kingston), and against the defendant, Lynn Plaza,

LLC, on the parties' respective claims to quiet title to a residential property located at 245 Avon Avenue, Northfield, Illinois (subject property). As part of that order, the trial court declared that a memorandum of judgment that Lynn Plaza had recorded against the subject property was null and void and removed from its title. The trial court further found, however, that Lynn Plaza had not acted with malice in recording the memorandum of judgment or in failing to release it, and it denied a request by Kingston Partners for attorney fees and punitive damages. On appeal, Lynn Plaza challenges the trial court's entry of summary judgment in favor of Kingston Partners on the quiet title claims. Kingston Partners has filed a cross-appeal, challenging the trial court's ruling denying its request for attorney fees and punitive damages. For the reasons that follow, we affirm the order of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4        On July 7, 2020, Kingston Partners filed a two-count complaint against Lynn Plaza, which in pertinent part alleged as follows. On October 28, 2019, Kingston Partners purchased the subject property by quitclaim deed from Allan and Aviva Rodin. Thereafter, Kingston Partners spent over $110,000 renovating the property. This renovation work included replacing the entire roof and all of the windows of the house, along with extensive landscaping, re-grading, and drainage work on the subject property. This work required a permit, which was posted on the house throughout the course of the renovation work and identified Kingston Partners as the owner of the subject property. On April 22, 2020, Kingston Partners listed the property for sale through City Habitat Realty LLC (CH Realty). On May 11, 2020, CH Realty received a letter from Rraim Murtishi, an attorney for Lynn Plaza, which stated the subject property and its owner were subject to a judgment in the case of Lynn Plaza LLC v. Rodin Enterprises, Inc., No. 19-M1-711110 (Cit. Ct. Cook County). Attached to that letter was a copy of a memorandum of judgment entered April 27, 2020,

and the letter stated that recordation of it was pending with the office of the Cook County Recorder of Deeds (Recorder). Later that same day, an attorney for Kingston Partners communicated with Murtishi and informed him that the subject property was owned by Kingston Partners and was not subject to any lien created by the judgment memorandum against Allan Rodin. An email dated May 11, 2020, confirmed that Kingston Partners' attorney sent a copy of the quitclaim deed that day. The memorandum of judgment was ultimately filed with the Recorder's office and bears a file-stamp of May 29, 2020, at 9:49 a.m.

¶ 5      Count I of the complaint sought to quiet title in the subject property through a declaration that Kingston Partners owned it in fee simple, free and clear of the purported claims of Lynn Plaza. Attorney fees, costs, and expenses were also sought under that count. Count II alleged slander of title, alleging that Lynn Plaza had "falsely and maliciously" recorded the memorandum of judgment despite having actual and constructive knowledge of Kingston Partners' ownership of the subject property. That count sought compensatory and punitive damages, as well as attorney fees, costs, and expenses.

¶ 6      The trial court ultimately consolidated the case with Case No. 19-M1-711110, which originated as a case for forcible entry and detainer and breach of lease and guaranty by Lynn Plaza against Allan Rodin and his company, Rodin Enterprises, Inc. (The subject matter of that case was a commercial property, not the subject property.) The record reflects that on February 25, 2020, the court in that case entered judgment in favor of Lynn Plaza and against Allan Rodin and Rodin Enterprises, jointly and severally, in the amount of $221,303.03, plus costs. However, on July 1, 2020, in that same case, Lynn Plaza had filed a petition to avoid a fraudulent transfer of real property and to quiet title, to foreclose or enforce a judgment lien, and for other relief. That petition, which remains pending in part, named Kingston Partners as a third-party respondent.

Count II of that petition sought various relief concerning the existence and effect of Lynn Plaza's judgment lien on the subject property, including a decree that title to the subject property be quieted and that Lynn Plaza's judgment lien be adjudged superior to the interest of Kingston Partners in the subject property.

¶ 7    On April 20, 2021, Lynn Plaza filed its answer to the complaint by Kingston Partners, which largely denied the material allegations against it. By way of further pleading, it also alleged in its answer that (1) Kingston Partners had never recorded its purported quitclaim deed until May 29, 2020, at 12:41 p.m., which was after Lynn Plaza had recorded its memorandum of judgment; (2) Lynn Plaza had submitted the memorandum of judgment to its third-party recording service on May 6, 2020, and the third-party recording service had electronically submitted it to the Recorder's office for recording on May 7, 2020; and (3) the reason the memorandum of judgment was not file-stamped for recording until May 29, 2020, was because of a delay in recording by the Recorder's office at that time due to the COVID-19 pandemic. Attached as exhibits to Lynn Plaza's answer were: (1) three pages of printouts from Zillow.com and Redfin.com of the listing of the subject property by CH Realty, dated May 6, 2020; (2) a printed confirmation from Simplifile that it had received the memorandum of judgment on May 6, 2020, and submitted it for filing on May 7, 2020; and (3) a copy of its petition in Case No. 19-M1-711110.

¶ 8    The case proceeded to discovery. On November 15, 2021, Kingston Partners filed a motion for summary judgment on the two counts of its complaint against Lynn Plaza. As to count I to quiet title, Kingston Partners argued that Lynn Plaza's claim arose from a personal judgment against Allan Rodin and was not effective against property that had not been owned by him at any relevant time. It argued that, as a result of the communications from its attorney on May 11, 2020, Lynn Plaza had notice that the Rodins no longer owned the subject property prior to the time it

recorded its memorandum of judgment, and accordingly it had no right to do so. As to count II for slander of title, Kingston Partners argued that Lynn Plaza had acted with malice by recording the memorandum of judgment and refusing to release it despite receiving proof that the Rodins no longer owned the subject property.

¶ 9    In support of the motion for summary judgment, Kingston Partners attached the affidavit of Michael Pelech, its managing member. In pertinent part, Pelech's affidavit stated the following. Kingston Partners is a real estate investment company that specializes in purchasing, rehabilitating, and reselling houses. On October 28, 2019, it purchased the subject property from Allan and Aviva Rodin via a quitclaim deed. Prior to purchasing the property, it searched title to the same and confirmed that there were no existing liens or encumbrances recorded against the subject property's title. After acquiring it, Kingston Partners began renovating the subject property with the intent of reselling it, spending over $110,000 in renovation costs. The renovations it performed included replacing the entire roof and all exterior windows. It also performed extensive landscaping work on the home's exterior, including a regrading of the property and significant draining work. Prior to performing these renovations, Kingston Partners obtained a permit from the Village of Northfield, and this permit was posted conspicuously on the exterior of the subject property for several months. The permit showed that Kingston Partners was the owner of the subject property. Upon competition of the renovations, Kingston Partners publicly listed the property for sale through CH Realty.

¶ 10    Pelech's affidavit went on to state that on May 11, 2020, Kingston Partners learned for the first time, through CH Realty, of a claim by Lynn Plaza against Allan Rodin in the form of the memorandum of judgment. Immediately after learning of this, Kingston Partners instructed its attorney, Tim Asimos, to provide Lynn Plaza's attorney with evidence that the Rodin's no longer

owned the property, which Asimos did via an email dated May 11, 2020. Despite requests that Lynn Plaza not continue with the recordation of the memorandum of judgment against the property, Lynn Plaza refused and continued with its recordation on May 29, 2020. The recorded memorandum of judgment made selling the property significantly more difficult, although Kingston Partners was ultimately able to do so in August 2020. As part of the sale, Kingston Partners had to escrow $221,935.40 as security until the resolution or adjudication of the memorandum of judgment.

¶ 11        In response to the motion for summary judgment, Lynn Plaza argued that under section 30 of the Conveyances Act (765 ILCS 5/30 (West 2020)), its judgment lien rights took priority over Kingston Partners' unrecorded deed because it had recorded its memorandum of judgment prior to the time that Kingston Partners recorded its deed. It also argued that the undisputed facts showed that the memorandum of judgment had been submitted to the Recorder's office on May 7, 2020, which was before it had received any notice from the attorney for Kingston Partners on May 11 that the Rodins no longer owned the subject property. It further asserted that it had diligently searched the available public title records on the subject property prior to submitting the memorandum of judgment for recording, which disclosed only the Rodins as owners. It argued that it had no obligation either to stop the recording of the memorandum of judgment or to release it after it had been submitted on May 7. Accordingly, Lynn Plaza contended it had acted properly as a prudent judgment creditor and had not acted with malice.

¶ 12        In support, Lynn Plaza attached a joint affidavit by Jeffrey Kolodny and Michael Kolodny, the co-managers of Lynn Plaza. Their affidavit, in part, detailed some of the difficulties that Lynn Plaza had encountered due to the shutdown of government buildings as a result of the COVID-19 pandemic on their efforts to obtain a signed memorandum of judgment from the court and to file

it with the Recorder's office. They averred that although the memorandum of judgment was not recorded until 9:40 a.m. on May 29, 2020, it had been submitted to the Recorder's office for recording on May 7, 2020. They stated that as of that time and prior to May 11, 2020, Lynn Plaza had no actual or constructive notice of the quitclaim deed of October 28, 2019, or of any transfer of the subject property from the Rodins to Kingston Partners. Their affidavit stated that other than searching the public records online to determine ownership status of the subject property or to determine if any sales were pending, no one on behalf of Lynn Plaza physically inspected the subject property to discover if any renovations or other improvements were being made. It stated that Lynn Plaza had no knowledge or notice of any of the pending improvements prior to being advised by Kingston Partners. Their affidavit stated that while the online search via Zillow and Redfin disclosed that the subject property was under contract, it did not disclose who the seller was, and Lynn Plaza thought until May 11, 2020, that it was the Rodins who had listed it for sale.

¶ 13        Lynn Plaza also attached the affidavit of Murtishi. In summary, Murtishi's affidavit detailed the multiple title searches that he had performed on the subject property from April 2019 through May 6, 2020. Each search had revealed that title to the property was held by Allan and Aviva Rodin, as joint tenants or tenants by the entirety. Searches that he performed on the websites of the county treasurer and assessor also indicated that the Rodins were the owners of the subject property. On May 6, 2020, he performed an Internet search of the address of the subject property, which yielded information that the subject property was on the market for sale and was "contingent," suggesting that an offer to sell and purchase the subject property had been accepted. Murtishi then made inquiries by phone to the broker of record, Richard Cohen, which were not answered. Also on May 6, 2020, he submitted the memorandum of judgment for recording using an e-recording service. After several unsuccessful attempts to reach Cohen, he sent a letter to CH

Realty on May 11, 2020. At no time did Murtishi have any knowledge or information that the owner of the subject property was anyone other than Allan and Aviva Rodin.

¶ 14     On April 21, 2022, the trial court conducted a hearing on Kingston Partners' motion for summary judgment. No transcript is included in the record on appeal. The trial court's written order reflects a finding that Lynn Plaza "had either constructive notice or inquiry notice of the change in ownership of the subject property *** prior to the recordation of [Lynn Plaza's] Memorandum of Judgment, recorded May 29, 2020." Based upon that finding, the trial court granted summary judgment in favor of Kingston Partners on count I of its complaint to quiet title in the property. The order declared that memorandum of judgment recorded against the subject property was deemed null and void and removed from its title. The order further stated that the ruling as to count I was final and appealable. The trial court also found that Lynn Plaza did not act with malice in recording its memorandum of judgment against the subject property or in failing to release it. Accordingly, the trial court denied Kingston Partners' request for attorney fees and punitive damages under count I and denied its motion for summary judgment as to count II.[1]

¶ 15     Lynn Plaza then filed a timely notice of appeal of the trial court's granting of summary judgment on count I of the complaint. Kingston Partners also filed a notice of cross-appeal of the portion of the trial court's order denying its request for attorney fees and punitive damages incurred in prosecuting its action to quiet title in the subject property.

¶ 16     After the parties had filed their briefs, this court entered an order directing them to address a question of jurisdiction. This pertained to the trial court's finding that its order granting summary judgment in favor of Kingston Partners on count I of its complaint to quiet title was final and

_____

[1] The trial court's order refers to count II as the count seeking to quiet title and count I as the count for slander of title. However, the complaint is clear and all parties agree that count I is to quiet title and count II is for slander of title.

appealable, despite the fact that count II of Lynn Plaza's petition in the consolidated case sought the same relief and had not been ruled upon. The parties thus procured from the trial court and supplemented the record on appeal with an order entered February 8, 2023, providing that the trial court's ruling granting summary judgment on count I of Kingston Partners' complaint was dispositive of count II of Lynn Plaza's petition seeking to quiet title as to the same parties and same property. That order dismissed count II of Lynn Plaza's petition with prejudice retroactive to April 21, 2022, and found no just reason to delay enforcement or appeal of the entry of summary judgment on count I of Kingston Partners' complaint or count II of Lynn Plaza's petition.

¶ 17                                II. ANALYSIS

¶ 18                            A. Lynn Plaza's Appeal

¶ 19        This appeal involves the trial court's granting of a motion for summary judgment, which is proper when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2020). A court considering such a motion must construe all evidence in the record strictly against the moving party and liberally in favor of the nonmoving party. *Bailey v. Graham Enterprises, Inc.*, 2019 IL App (1st) 181316, ¶ 20. The purpose of the motion is to determine whether an issue of fact exists for trial. *Garland v. Sybaris Clubs International, Inc.*, 2019 IL App (1st) 180682, ¶ 92. A triable issue of fact exists either where the material facts are disputed or where reasonable persons might draw different inferences from undisputed facts. *Merca v. Rhodes*, 2011 IL App (1st) 102234, ¶ 38. This court undertakes *de novo* review of a trial court's decision to grant a motion for summary judgment. *Argueta v. Krivickas*, 2011 IL App (1st) 102166, ¶ 5.

¶ 20        The claim on review is an action to quiet title, which is an equitable proceeding wherein a

party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property. *Lakeview Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 811 (1985). A cloud on title may include a claim of an interest in land that appears in some legal form but that is, in fact, unfounded or that would be inequitable to enforce. *Id.* The purported cloud on title here is Lynn Plaza's memorandum of judgment, which became a lien on the subject property from the time it was filed in the Recorder's office. See 735 ILCS 5/12-101 (West 2020).

¶ 21    On appeal, Lynn Plaza argues that the trial court erred in ruling that the memorandum of judgment which it recorded against the subject property was null and void. Lynn Plaza relies on section 30 of the Conveyances Act (765 ILCS 5/30 (West 2020)) and argues that its memorandum of judgment is effective against and has priority over Kingston Partners' interest in the subject property, because Lynn Plaza's memorandum of judgment was recorded prior in time to Kingston Partners' deed. Recognizing that section 30 includes the requirement that a judgment creditor be "without notice" of a prior unrecorded interest, Lynn Plaza's primary argument on appeal is that May 7, 2020, is the operative date for determining whether it had notice of Kingston Partners' interest in the subject property, because that was the date that its memorandum of judgment was electronically "filed" with the Recorder's office, even though that office did not process it for recording until May 29, 2020. It argues that the trial court erred in considering May 29 as the operative date for determining notice.

¶ 22    No transcript of the hearing on summary judgment is included in the record on appeal. Thus, our understanding of the trial court's reasoning for granting summary judgment in favor of Kingston Partners comes exclusively from its written order, where it stated that it found that Lynn Plaza "had either constructive notice or inquiry notice of the change in ownership of the subject property *** prior to the recordation of [its] memorandum of judgment, recorded May 29, 2020."

What is not clear from this sentence is whether, as Lynn Plaza asserts, the trial court considered May 29 to be the operative date for evaluating notice. As discussed below, this sentence also seems to support the conclusion that the trial court found that Lynn Plaza had constructive or inquiry notice as of an earlier time. The parties' appellate briefs make opposite assertions about this point, although neither party cites to anything in the record other than the written order.

¶ 23     Lynn Plaza's argument implicates section 30 of the Conveyances Act (*id.*), which is a longstanding statutory exception to the general rule that a judgment lien may only attach to the actual interest that a judgment debtor has in real property at the time the lien is issued. *Banco Popular v. Beneficial Systems, Inc.*, 335 Ill. App. 3d 196, 203 (2002) (citing *East St. Louis Lumber Co. v. Schnipper*, 310 Ill. 150, 156-57 (1923)). The statute provides:

>     "All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the *time of filing* the same for record, and not before, as to all creditors and subsequent purchasers, *without notice*; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, *without notice*, until the same shall be *filed* for record." (Emphases added.) 765 ILCS 5/30 (West 2020).

Under this statute, a judgment creditor will be given priority over an individual who holds an unrecorded conveyance, if the creditor is without notice of the holder's interest. *Banco Popular*, 335 Ill. App. 3d at 203 (citing *East St. Louis*, 310 Ill. at 157); accord *United Community Bank v. Prairie State Bank & Trust*, 2012 IL App (4th) 110973, ¶¶ 37-39.

¶ 24     In *Banco Popular*, this court further explained this principle as follows:

>     "These principles were again affirmed by our supreme court in *Echols v. Olsen*, 63 Ill. 2d 270, 276 (1976). There, the court stated that a judgment creditor who records his

judgment lien 'acquires rights superior to those' of one who failed to record an interest obtained before the creditor received the judgment lien. *Echols*, 63 Ill. 2d at 276. As a result, then, this preference, which comes by virtue of section 30 only, allows the creditor to 'prevail over the holder of a prior but unrecorded interest.' *Echols*, 63 Ill. 2d at 276, referring to *East St. Louis*, 310 Ill. at 156. See also *Massey v. Westcott*, 40 Ill. 160, 163 (1866) ('it is the settled law' of Illinois that 'lien attaches to whatever interest in real estate the records disclose in the judgment debtor, in the absence of' notice); *Bauman v. Schoaff*, 331 Ill. App. 38, 43-44 (1947) (pursuant to section 30 of Act, 'a judgment becomes a lien on all real estate of the judgment debtor appearing of record free from the claims of all other persons of which the judgment creditor had no notice, either actual or constructive'); *Commercial Trust & Savings Bank of Springfield, Illinois v. Murray*, 246 Ill. App. 355, 359 (1927) (creditor's 'lien will not be affected by the subsequent recording' of deed of prior holder in interest if creditor had no notice of the unrecorded deed)." *Banco Popular*, 335 Ill. App. 3d at 203-04.

¶ 25　　　　Section 30 ostensibly comes into play in this case, because it is undisputed that the Recorder's office file-stamped Lynn Plaza's memorandum of judgment for recording prior to the time it file-stamped Kingston Partners' quitclaim deed. Both were file-stamped for recording on May 29, 2020, with the memorandum of judgment being recorded at 9:49 a.m. and the quit claim deed being recorded at 12:41 p.m. However, it is also undisputed that by May 29, Lynn Plaza had received actual notice of Kingston Partners' interest in the subject property. This actual notice came in the form of the e-mail on May 11 from Kingston Partners' attorney to Lynn Plaza's attorney, attaching its quitclaim deed. Thus, if May 29 were the operative date for determining notice, Lynn Plaza clearly would not then qualify as a creditor "without notice" of a prior

unrecorded interest in the subject property.

¶ 26    Section 30, however, states that legal instruments take effect from the time of "filing" them for record, not when they are actually recorded. 765 ILCS 5/30 (West 2020). There is a well-defined distinction between filing and recording, with the term "filing" signifying delivery of the instrument to the proper official. C.J.S. *Records* § 3 (2023). It is also well-established that filing for purposes of section 30 requires only delivery of the instrument to the possession of the Recorder's office. See *Cook v. Hall*, 6 Ill. 575, 759 (1844) ("All the party can do in order to have his deed recorded, is take it to the office, and deliver it to the recorder. *** The deed is then, in contemplation of law, filed for record. The entry by the recorder is the evidence of the filing."); *Tucker v. Shaw*, 158 Ill. 326, 332 (1895) ("the deed to Wilson took effect, as to the subsequent purchasers of this land, when he left it with the recorder for record"). This court has more recently stated, "Delivery alone has been held to constitute filing since the person filing has no control over the officer who receives documents." *In re Estate of Davison*, 102 Ill. App. 3d 644, 645 (1981) (citing *Dowie v. Chicago, W. & N.S. Ry. Co*, 214 Ill. 49 (1905)). Also, our supreme court has stated, in interpreting whether a regulation required an act of acceptance by an agency before an electronic "filing" of a document was deemed to have occurred, that "a filing will be deemed filed when submitted, even if not checked for compliance until later." *People ex rel. Madigan v. Illinois Commerce Comm'n*, 231 Ill. 2d 370, 384 (2008).

¶ 27    Lynn Plaza relies upon the principles set forth in the preceding paragraph to argue that May 7 must be considered the date of "filing" the memorandum of judgment and therefore the operative date for determining notice, since this is the date as shown by the evidence when its third-party electronic filing agent submitted the memorandum of judgment to the Recorder's office for filing. This argument is well-taken. The problem, however, is that the record before us does not show

that the basis of the trial court's ruling was its use of May 29 as the operative date for determining notice. As we stated above, the trial court's precise reasoning for granting summary judgment is not clear from its written order. It is significant that the trial court's finding was that Lynn Plaza had either "constructive" or "inquiry" notice prior to recording its memorandum of judgment. It did not mention Lynn Plaza having "actual" notice, which, in light of the e-mail of May 11 whereby Lynn Plaza's attorney was provided with a copy of Kingston Partners' quit claim deed, leads us to doubt that the trial court treated May 29 as the operative date for determining notice. Furthermore, Kingston Partners asserts in its brief to this court that "the trial court specifically found that [Lynn Plaza] had either inquiry or constructive notice of the change in ownership prior to the submission of the [memorandum of judgment] to [its] e-filing vendor for recording," which would have been prior to May 7. However, Kingston Partners makes no attempt in its brief to develop this argument about what facts put Lynn Plaza on constructive or inquiry notice as of an earlier time.

¶ 28    As the appellant, Lynn Plaza had the burden of presenting a sufficiently complete record to enable this court to determine whether the error claimed actually occurred. *People v. Carter*, 2015 IL 117709, ¶ 19 (citing *In re Marriage of Gulla*, 234 Ill. 2d 414, 422 (2009)). Any doubts which arise as a result of the absence of a complete record on appeal will be resolved against the appellant, and it will be presumed that the order entered by the trial court was in conformity with the law and had sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). This principle applies in cases involving summary judgment, where the record lacks a transcript or certified bystander's report of the hearing and the written order does not indicate that the argument urged for reversal was one that actually formed the basis of the trial court's ruling. *Urban Sites of Chicago, LLC v. Crown Castle USA*, 2012 IL App (1st) 111880, ¶ 21. However, we may also affirm a trial court's

entry of summary judgment on any basis finding support in the record, regardless of whether the trial court relied upon that basis or whether its reasoning was correct. *Id.*

¶ 29 We conclude that an adequate basis exists in the record upon which to affirm the trial court's entry of summary judgment, particularly in light of its findings that Lynn Plaza had either "constructive" or "inquiry" notice prior to recording its memorandum of judgment. It is the law of this state that, notwithstanding a party's failure to record a deed, a judgment creditor is deemed to have constructive notice of an earlier conveyance by the fact that real estate is in the "possession" of a person other than the record owner; where that is the case, the law imposes on the creditor a duty to inquire of the person in possession as to the right or interest by which he holds the property, and the creditor takes only subject to what that right or interest may be. *Banco Popular*, 335 Ill. App. 3d at 211 (citing *Union Bank of Chicago v. Gallup*, 317 Ill. 184, 188-89, and *Burnex Oil Co. v. Floyd*, 106 Ill. App. 2d 16, 22-24 (1969)). Such "possession" is the legal equivalent to the recording of a deed as to a judgment creditor who claims an interest in the property of which another has possession at the time the creditor secures the judgment. *Banco Popular*, 335 Ill. App. 3d at 210 (citing *Beals v. Cryer*, 99 Ill. App. 3d 842, 844 (1981), and *Miller v. Bullington*, 381 Ill. 238, 243 (1942)). This is a longstanding and well-settled principle of Illinois law. See *German-American National Bank of Lincoln v. Martin*, 277 Ill. 629, 648-49 (1917).

¶ 30 In *Banco Popular*, this court explained the scope of this rule as follows:

"What constitutes 'possession' in this respect will depend on the facts of each case, and thus, becomes an open question of fact. [Citations.] It has been established that one need not live or reside on the property in order to be in possession. See *Carnes v. Whitfield*, 352 Ill. 84, 390 (1933) (actual residence not required for possession); *Beals*, 99 Ill. App. 3d at 844. The 'possession' must simply 'provide some measure of notice to the outside world

of the possessor's interest in the' property. See *Beals*, 99 Ill. App. 3d at 844; see also *Atwood v. Chicago, Milwaukee & St. Paul Ry. Co.*, 313 Ill. 59, 62 (1924) (as long as possession is not occasional or temporary, it amounts to constructive notice, viable against the world, of any rights person in that possession may have). This may include improvements on the property, signs posted thereon, or possession by a tenant of the person claiming possession. See *Carnes*, 352 Ill. at 390 (possession of tenant is constructive notice of rights of landlord in property, even if legal title to property indicates another); *Dana Point Condominium Ass'n, Inc. v. Keystone Service Co.*, 141 Ill. App. 3d 916, 922-23 (1986) (signs and stickers placed on property sufficient to indicate possession); *Beals*, 99 Ill. App. 3d at 844-45 ('[i]mprovements or acts of dominion over' property may be sufficient to constitute possession). Whatever the actions, they are sufficient to constitute possession if they provide notice of who has control of the property. See *Beals*, 99 Ill. App. 3d at 844. That is, as long the holder of a prior unrecorded deed is in 'possession' of the property that is 'actual, open and visible,' his interest will be given priority to a judgment creditor who obtained a lien from a judgment entered subsequent to the deed. See *Adam v. Tolman*, 77 Ill. App. 179, 182-83 (1898); see also *Brainard v. Hudson*, 103 Ill. 218, 222 (1881) ('[w]here a person is in the possession of a tract of land under an unrecorded deed, that possession is notice to all subsequent purchasers or incumbrancers of whatever title is held by the person in possession, and a subsequently acquired title, although first on record, will be held subject to the title which the person in possession may have to the property'). This is because the creditor, who had been placed on constructive notice by this possession, is bound to inquire of the person in possession what right or interest he holds, and takes subject to what the right or interest may be. See *Union Bank of Chicago v. Gallup*, 317 Ill.

184, 188-89 (1925); *Burnex Oil Co. v. Floyd*, 106 Ill. App. 2d 16, 22-24 (1969) (creditor cannot claim innocent status once he is bound to inquire; for he is 'chargeable with knowledge of facts which are inconsistent with the claims of ownership by the record owner')." *Banco Popuar*, 335 Ill. App. 3d at 211.

See also *US Bank National Ass'n v. Villasenor*, 2012 IL App (1st) 120061, ¶¶ 61-71.

¶ 31    The argument for the application of this principle was clearly put at issue in this case and argued in the trial court. For example, the complaint alleges in count I to quiet title that, "[a]s a result of Kingston's actual, open, and visible possession of the Property, including the Renovation Work, the posted Permit, and the public Listing, any reasonable investigation by Lynn Plaza would have revealed that Kingston had purchased the Property from the Rodins, and was the new owner of the Property, long before May 29, 2020." In its motion for summary judgment, Kingston Partners argued that its "ownership of the Property was open and notorious" due to its extensive renovations performed on the property's exterior between October 2019 and March 2020. Pelech's affidavit in support of the motion, the facts of which were uncontradicted and therefore must be accepted as true (see *Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986)), established that Kingston Partners spent over $110,000 in renovation costs, which included its replacing of the entire roof and all exterior windows of the subject property, along with extensive landscaping work that included regrading of the property and significant drainage work. Pelech's affidavit further established that a permit obtained from the Village of Northfield for the renovation work was posted conspicuously on the exterior of the subject property for several months and identified Kingston Partners, not the Rodins, as the owner of the subject property.

¶ 32    Lynn Plaza's response to the motion for summary judgment in the trial court argued that open and obvious renovation of the subject property was irrelevant and did not indicate new ownership,

with the more reasonable inference being that the Rodins had hired a contractor to perform the rehabilitation work.[2] The joint affidavit of Michael and Jeffrey Kolodny established that, other than searching online public records to determine the ownership status of the subject property, no one on behalf of Lynn Plaza physically inspected the subject property to discover if any renovations or other improvements were being made.

¶ 33    We hold that the undisputed facts in the summary judgment record demonstrate that Kingston Partners had, prior to May 7, 2020, asserted the requisite level of actual, open, and visible possession of the subject property to be legally equivalent to the recording of a deed and to provide Lynn Plaza, as a judgment creditor of the record owner, with constructive notice of its interest in the property notwithstanding its failure to record the deed until May 29, 2020. See *Banco Popular*, 335 Ill. App. 3d at 210-11. As the above-quoted passage from *Banco Popular* makes clear, it is not necessary that someone from Kingston Partners actually lived in or resided on the subject property to sufficiently constitute possession. Rather, the substantial exterior improvements it made to the house and land on the property by that time and its posting of a sign or permit there that identified Kingston Partners as its owner are sufficient. See *id.* at 211. Such possession by someone other than Allan or Aviva Rodin was sufficient to place Lynn Plaza, as a judgment creditor of Allan Rodin, on constructive notice of a possible change in ownership, to impose on Lynn Plaza a duty to inquire of Kingston Partners as to the right or title by which it had possession of the property, and to take its interest only subject to that right or title. *Id.*

¶ 34    Furthermore, the existence of constructive notice by possession is not defeated by any argument that Lynn Plaza did not acquire actual knowledge of that possession prior to May 7,

---

[2] As recognized by *In re Polo Builders, Inc.*, 433 B.R. 700, 709-10 (N.D. Ill. Bankr. 2010), an argument such as this concerning "possession" fails under *Tillotson v. Mitchell*, 111 Ill. 518, 524-26 (1884).

2020. See 92A C.J.S. *Vendor & Purchaser* § 553 (2023) ("actual knowledge of such possession ordinarily is not essential to the application of the general rule"); 5 Tiffany Real Property § 1287 (3d ed. 2022 update) ("presumption of notice appears to exist, even though the intending purchaser is *** without actual knowledge of the possession by a third person"). Otherwise, a judgment creditor could generally avoid application of the constructive notice rule by avoiding a visit to its judgment debtor's property to ascertain what could be learned by viewing the land itself. Such acts of willful blindness cannot be approved since, as notice is concerned in this context, a judgment creditor stands as equivalent to a subsequent purchaser of the real estate. *Union Bank of Chicago*, 317 Ill. at 188. Here, the undisputed facts show actual, open, and visible possession by Kingston Partners of the subject property prior to May 7, 2020, which is equivalent to the recording of a deed and sufficient to provide notice of its interest to others as of that time. *Banco Popular*, 335 Ill. App. 3d at 211; *Beals*, 99 Ill. App. 3d at 844-45. Accordingly, at whatever point before or after that time Lynn Plaza gained actual knowledge of such possession, its duty was to inquire as to the nature of Kingston Partners' interest, and it took its interest only subject to the right or interest revealed by that inquiry. See *Banco Popular*, 335 Ill. App. 3d at 211.

¶ 35        Based on our holding that the undisputed facts demonstrate that constructive notice or inquiry notice existed by virtue of possession prior to May 7, 2020, we conclude that Lynn Plaza was not a creditor "without notice" of Kingston Partners' interest in the subject property, even assuming that May 7 is the date of "filing" its memorandum of judgment. See 765 ILCS 5/30 (West 2020). Therefore, we affirm the trial court's entry of summary judgment in favor of Kingston Partners on count I of Kingston Partners' complaint and count II of Lynn Plaza's petition.

¶ 36                              B. Kingston Partners' Cross-Appeal

¶ 37        In its cross-appeal, Kingston Partners argues that the trial court erred by denying its request

for punitive damages or attorney fees involved in quieting title to the property. Kingston Partners argues that no genuine issue of material fact existed as to the fact that Lynn Plaza wrongfully recorded its memorandum of judgment against a property it knew was no longer owned by the Rodins. It therefore argues that Lynn Plaza's malice has been clearly established, and the trial court erred in declining to award attorney fees or punitive damages on its quiet title claim.

¶ 38        We reject Kingston Partners' argument that it has established an entitlement to recover punitive damages or attorney fees as an aspect of its claim to quiet title. As support for its argument that it is entitled to recoup its attorney fees incurred in quieting title to the property, Kingston Partners relies upon *Home Investment Fund v. Robertson*, 10 Ill. App. 3d 840, 844 (1973). The appeal in that case involved a slander of title action, in which the court agreed with the defendant's argument that the trial court had allowed the plaintiff to recover losses that were not attributable to the defendant's slander of title but to other circumstances, such as a default on a separate contract by a different party. *Id.* at 843. The court, after reiterating the general rule that a party may not recover the ordinary expenses and burdens of litigation, recognized that attorney fees may be recoverable when they are incurred as a result of malicious acts and that a prevailing party in an action for slander of title can recover attorney fees because malice is an element of a slander of title claim. *Id.* at 844. The court then held that, in the case before it, the plaintiff was "entitled to recover those costs and attorneys' fees directly relating to the quieting of his title and to those damages directly relating to a slander of his title, *i.e.*, loss of vendibility, etc." *Id.*

¶ 39        We do not interpret *Home Investment Fund* to stand for the proposition that attorney fees are recoverable in an action to quiet title where the plaintiff has not proven a corresponding claim for slander of title, a tort claim which requires establishing malice. See *Bozek v. Bank of America, N.A.*, 2021 IL App (1st) 191978, ¶ 87 (slander of title requires proof of (1) a false and malicious

publication, (2) which disparaged the plaintiff's title to property, and (3) which caused damages to the plaintiff). In other words, malice must be proven in the context of a slander of title claim, and that has not yet occurred here. Kingston Partners moved for summary judgment on count II of its complaint alleging slander of title, but the trial court denied its motion for summary judgment as to that count.

¶ 40    We will not consider any arguments made in the context of the slander of title count, because the trial court's denial of summary judgment on that count is not before us on this interlocutory appeal. The only counts properly before us are the parties' respective claims to quiet title. In the order on appeal of April 21, 2022, the only ruling which the trial court found final and appealable was to quiet title in the subject property. It denied summary judgment on the count of Kingston Partners' complaint for slander of title, and it properly avoided making any finding that such denial of summary judgment was final or appealable. See *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 119 (denial of summary judgment is a non-appealable, interlocutory order).

¶ 41    After this appeal was fully briefed (limited to the counts to quiet title), Kingston Partners attempted to belatedly obtain a Rule 304(a) finding as to the denial of summary judgment on the slander of title count, by including this in the order obtained from the trial court on February 8, 2023. However, we declined to allow Kingston Partners to amend its brief to seek reversal of the denial of summary judgment on the slander of title claim. In addition to the untimeliness of this request, it is well-established that, unless a cross-motion for summary judgment has been granted, the denial of a motion for summary judgment is not a final order and cannot be made appealable even where the trial court has made a finding under Rule 304(a). *Platinum Partners Value Arbitrage Fund, Limited Partnership v. Chicago Board Options Exchange*, 2018 IL App (1st) 171316, ¶ 65; *Fogt v. 1-800-Pack-Rat, LLC*, 2017 IL App (1st) 150383, ¶ 95; *Eakins v. Hanna*

*Cylinders, LLC*, 2015 IL App (2d) 140944, ¶ 36. Accordingly, we find no error in the trial court's denial of attorney fees or punitive damages as part of the quiet title counts.

¶ 42                                    III. CONCLUSION

¶ 43        For the foregoing reasons, we affirm the trial court's entry of summary judgment in favor of Kingston Partners and against Lynn Plaza on count I of Kingston Partners' complaint and count II of Lynn Plaza's petition, quieting title in the subject property. We further affirm the trial court's denial of Kingston Partners' request for attorney fees or punitive damages as to those counts.

¶ 44        Affirmed.